Bryan A. Skoric (Wyo. State Bar #6-2834)
Jack R. Hatfield II (Wyo. State Bar #7-5118)
Office of the Park County and Prosecuting Attorney
1002 Sheridan Avenue
Cody, Wyoming, 82414

ATTORNEYS FOR DEFENDANTS
PARK COUNTY, WYOMING; BOARD OF
COUNTY COMMISSIONERS OF PARK COUNTY,
WYOMING; DOSSIE OVERFIELD, LLOYD THIEL,
LEE LIVINGSTON, SCOTT MANGOLD,
and SCOTT STEWARD, in their official capacity
as Members of the Board of County
 Commissioners for Park County, Wyoming.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HORIZON TOWER LIMITED, LLC and HORIZON TOWER, LLC,<br><br>             Plaintiffs<br><br>     v.<br><br>PARK COUNTY, WYOMING; BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, WYOMING; DOSSIE OVERFIELD, LLOYD THIEL, LEE LIVINGSTON, SCOTT MANGOLD, and SCOTT STEWARD, in their official capacity as Members of the Board of County  Commissioners for Park County, Wyoming.<br><br>             Defendants. | Civil Action No. 23-CV-00037-ABJ |

## ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## AND EXPEDITED TREATMENT

Defendants Park County, Wyoming; Board of County Commissioners of Park County,

Wyoming; Dossie Overfield, Lloyd Thiel, Lee Livingston, Scott Steward and Scott Mangold, by

and through their undersigned counsel, hereby answer and state their defenses to the Complaint filed by Horizon Tower Limited, LLC and Horizon Tower, LLC, ("Horizon") (Doc 1) as follows:

## NATURE OF THE ACTION

The allegations contained within the Nature of the Action of Plaintiffs' Complaint assert legal conclusions and a summary of their case to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PARTIES

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiffs' Complaint and therefore deny those allegations.

2. Defendants admit the allegation in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants admit the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. The allegations in Paragraph 5 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

6. The allegations in Paragraph 6 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

7. Defendants admit Paragraph 7 of Plaintiffs' Complaint.

## STATEMENT OF FACTS

8.  Defendants admit Paragraph 8 of Plaintiffs' Complaint.

9.  Defendants admit Paragraph 9 of Plaintiffs' Complaint.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiffs' Complaint and therefore deny those allegations.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiffs' Complaint and therefore deny those allegations.

12. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiffs' Complaint and therefore deny those allegations.

## THE PROPOSED FACILTIY AND APPLICATION PROCESS

13. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiffs' Complaint and therefore deny those allegations.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiffs' Complaint and therefore deny those allegations.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiffs' Complaint and therefore deny those allegations.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiffs' Complaint and therefore deny those allegations.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiffs' Complaint and therefore deny those allegations.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiffs' Complaint and therefore deny those allegations.

19. Defendants admit Paragraph 19 of Plaintiffs' Complaint.

20. Defendants admit Paragraph 20 of Plaintiffs' Complaint.

21. Defendants admit Paragraph 21 of Plaintiffs' Complaint.

22. Defendants admit Paragraph 22 of Plaintiffs' Complaint.

23. Defendants admit Paragraph 23 of Plaintiffs' Complaint.

24. Defendants admit that the Proposed Site is owned by Tamara A. Young and that Tamara A. Young consented to Horizon entering her property to perform the work related to the proposed project and file documents related to that work, but Defendants lack sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 24 of Plaintiffs' Complaint and therefore deny those allegations.

25. Defendants admit that Horizon applied for a SUP, but deny that they submitted all materials required by the County, and therefore deny the remainder of the allegations in Paragraph 25 of Plaintiffs' Complaint.

26. Defendants admit Paragraph 26 of Plaintiffs' Complaint.

27. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of Plaintiffs' Complaint and therefore deny those allegations.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint as the Board can approve or deny the application.

29. Defendants admit that, on November 16, 2022, the P&Z Commission held a public hearing to review Horizon's Application, but deny the remainder of the allegations in Paragraph 29 of Plaintiffs' Complaint.

30. Defendants admit Paragraph 30 of Plaintiffs' Complaint.

31. Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

32. Defendants admit Paragraph 32 of Plaintiffs' Complaint.

33. Defendants deny the allegations in Paragraph 33 of Plaintiffs' Complaint.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiffs' Complaint and therefore deny those allegations. .

35. Defendants deny the allegations in Paragraph 35 of Plaintiffs' Complaint.

36. Defendants deny the allegations in Paragraph 36 of Plaintiffs' Complaint.

37. Defendants deny the allegations in Paragraph 37 of Plaintiffs' Complaint.

38. Defendants deny the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. Defendants admit that opposition from residents was received, but deny the vagueness and generalization of this opposition, and therefore Defendants deny the remainder of Paragraph 39 of Plaintiffs' Complaint.

40. Defendants deny the allegations in Paragraph 40 of Plaintiffs' Complaint.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiffs' Complaint and therefore deny those allegations.

42. Defendants deny the allegations in Paragraph 42 of Plaintiffs' Complaint.

43. Defendants deny the allegations in Paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny the allegations in Paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny the allegations in Paragraph 45 of Plaintiffs' Complaint.

46. Defendants deny the allegations in Paragraph 46 of Plaintiffs' Complaint.

47. Defendants admit the allegations in Paragraph 47 of Plaintiffs' Complaint.

48. Defendants admit the allegations in Paragraph 48 of Plaintiffs' Complaint.

49. Defendants admit the allegations in Paragraph 49 of Plaintiffs' Complaint.

50. Defendants admit that they denied Horizon's Application on February 7, 2023, and then issued their written decision on February 16, 2023.

51. Defendants admit the allegation in Paragraph 51 of Plaintiffs' Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53. Defendants deny the allegations in Paragraph 53 of Plaintiffs' Complaint.

54. Defendants deny the allegations in Paragraph 54 of Plaintiffs' Complaint.

55. Defendants admit Paragraph 55 of Plaintiffs' Complaint.

56. In Paragraph 56 of Plaintiffs' Complaint, Defendants admit that a written decision of the Board's February 7th denial was recorded on February 16th. The Defendants admit that the action is timely.

### COUNT 1
### (Violation of 47 U.S.C. § 332 (c)(7)(B)(i)(II) –
### Effective Prohibition of Personal Wireless Services)

57. Defendants hereby incorporate by reference their responses to all preceding paragraphs contained in their Answer.

58. The allegations in Paragraph 58 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations as this is only a partial statement of the law.

59. The allegations in Paragraph 59 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

60. The allegations in Paragraph 60 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

61. The allegations in Paragraph 61 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

62.  The allegations in Paragraph 62 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

63. The allegations in Paragraph 63 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

64. The allegations in Paragraph 64 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

65. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 of Plaintiffs' Complaint and therefore deny those allegations.

66. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 of Plaintiffs' Complaint and therefore deny those allegations.

67. Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 of Plaintiffs' Complaint and therefore deny those allegations.

69. Defendants deny the allegations in Paragraph 69 of Plaintiffs' Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71. The Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

## COUNT II

### (Violation of 47 U.S.C. § 332(c)(7)(B)(iii) –

### Lack of Substantial Evidence)

72. Defendants hereby incorporate by reference their responses to all preceding paragraphs contained in their Answer.

73. The allegations in Paragraph 73 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

74.  The allegations in Paragraph 74 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

75. Defendants deny the allegations in Paragraph 75 of Plaintiffs' Complaint.

76. Defendants deny the allegations in Paragraph 76 of Plaintiffs' Complaint.

77. Defendants deny the allegations in Paragraph 77 of Plaintiffs' Complaint.

78. Defendants deny the allegations in Paragraph 78 of Plaintiffs' Complaint.

79. Defendants deny the allegations in Paragraph 79 of Plaintiffs' Complaint.

80. Defendants deny the allegations in Paragraph 80 of Plaintiffs' Complaint.

81. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81 of Plaintiffs' Complaint and therefore deny those allegations.

82. Defendants deny the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

## DENIAL ON PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint, Paragraphs 1-11, constitutes a prayer for relief to which no response is required.  To any extent that a response is required, Defendants deny that Plaintiffs are entitled to any relief requested or to any other relief.  Unless Defendants have expressly admitted herein, Defendants deny all allegations contained in the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs have not suffered any damages or have failed to mitigate their damages.

3.    Defendants' actions were authorized.

4.    Attorney's fees for Plaintiffs are not authorized in this action.

## RESERVATION OF DEFENSES

 Defendants reserve the right to assert additional defenses that become available or apparent during discovery and reserve the right to amend Defendants' pleadings to assert any such defenses.

## ATTORNEYS' FEES

Defendants request attorneys' fees and costs they have or will incur in the defense of this action allowable by any applicable laws.

**Dated this 30th day of March, 2023.**


                                 /s/
                                 Bryan A. Skoric (Wyo. State Bar #6-2834)
                                 Park County and Prosecuting Attorney

_/s/_____

Jack R. Hatfield II (Wyo. State Bar No. 7-5118)
Deputy Park County Attorney
Park County Attorney's Office
1002 Sheridan Ave.
Cody, Wyoming 82414
(307) 527-8660


ATTORNEYS FOR DEFENDANTS
PARK COUNTY, WYOMING; BOARD OF
COUNTY COMMISSIONERS OF PARK COUNTY,
WYOMING; DOSSIE OVERFIELD, LLOYD THIEL,
LEE LIVINGSTON, SCOTT MANGOLD,
and SCOTT STEWARD, in their official capacity
as Members of the Board of County
Commissioners for Park County, Wyoming.