IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

HORIZON TOWER LIMITED, LLC and
HORIZON TOWER , LLC,

    Plaintiff(s),

vs.                                                    Case No.  23-CV-0037-ABJ

PARK COUNTY, WYOMING;
BOARD OF COUNTY COMMISSIONERS
OF PARK COUNTY, WYOMING;
DOSSIE OVERFIELD, LLOYD THIEL,
LEE LIVINGSTON, SCOTT MANGOLD, and
SCOTT STEWARD, in their official capacity as
Members of the Board of County Commissioners
for Park County, Wyoming,

    Defendant(s).

**JOINT REPORT OF MEETING**
**and**
**PROPOSED JOINT DISCOVERY AND CASE MANAGEMENT PLAN**
Under Rule 26(f) of the Federal Rules of Civil Procedure

**1**     State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel for each party or any unrepresented pro se individual who attended.  The name of the participant, address, bar number (where applicable), telephone and fax numbers, and email addresses must be provided.

The Joint Report Meeting was held virtually via Webex on April 13, 2023, from 3:30 pm until 4:00 pm.  The following counsel for each party participated in the virtual meeting:

<u>For Plaintiffs ("Horizon"):</u>

Isaac N. Sutphin, P.C. (Wyo. State Bar # 6-3711)
Andrea N. Grave (Wyo. State Bar # 8-6702)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone: (307) 778-4200
insutphin@hollandhart.com
angrave@hollandhart.com

T. Scott Thompson (admitted pro hac vice)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
555 12th Street NW, Suite 1100
Washington, DC 20004
Telephone: (202) 434-7440
SThompson@mintz.com

Jonathan P. Garvin (admitted pro hac vice)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
555 12th Street NW, Suite 1100
Washington, DC 20004
Telephone: (202) 434-7357
JPGarvin@mintz.com

For Defendants ("Park County"):

Bryan A. Skoric (Wyo. State Bar # 6-2834)
Park County and Prosecuting Attorney
1002 Sheridan Ave.
Cody, WY 82414
Telephone: (307) 527-8660
Bryan.skoric@parkcounty-wy.gov

**2   List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

None.

**3   Briefly describe what this case is about.**

This case concerns the Park County Board of Commissioners' ("Board") denial of Horizon's application to construct a monopole wireless telecommunication tower at 2944 N. Fork Highway in Cody, Wyoming. Plaintiff Horizon owns and manages telecommunications facilities and wireless infrastructure used by national and regional wireless carriers to provide personal wireless services to end-user consumers in Wyoming and other areas of the western United States.

After identifying a gap in its service coverage, Verizon Wireless contracted with Horizon to identify a suitable location to develop a wireless communications facility. Horizon investigated the area and evaluated locations based on the coverage criteria provided by Verizon. After identifying an available location that met Verizon's coverage criteria, Horizon entered into an agreement with the owner of property at 2944 N. Fork Highway to locate a communications tower on her property. Pursuant to the Park County 2015 Development Standards and Regulations (DSR), in October 2022, Horizon applied for a Special Use Permit from Park County to begin constructing and installing the proposed communications tower. The proposed tower would be a 195-foot monopole tower that could accommodate up to four wireless carriers.

As required by the DSR, the Park County Planning and Zoning Commission reviewed the application and held a public hearing. At that hearing, the Planning and Zoning Commission concluded that the proposed tower did not meet the application approval standards and recommended that the County Board of Commissioners deny Horizon's application. The County Board held a public hearing on January 24, 2023, to consider Horizon's application and chose to continue the hearing without making a final decision. On February 7, 2023, at the continued hearing, Horizon presented evidence and testimony in support of its application again. At the Commission hearing, and the two Board meetings, evidence and testimony were also presented in opposition to the tower. The Board voted unanimously to deny the application and adjourn the hearing. On February 16, 2023, the Board memorialized its February 7 decision in writing.

Federal law governs local governmental authority over personal wireless service facility siting, like communications towers. 47 U.S.C. § 332(c)(7)(B). Under Section 332(c)(7), a local government's regulation of the placement, construction, or modification of personal wireless service facilities may not have the effect of prohibiting the provision of personal wireless services. 47 U.S.C. § 332(c)(7)(B)(i)(II). Further, Section 332(c)(7)(B)(iii) requires that a local government's decision to deny a request to place, construct, or modify personal wireless services facilities must be supported by substantial evidence in a written record. Horizon has alleged that the County's denial of the proposed tower effectively prohibits the provision of personal wireless service and was not supported by substantial evidence in the record. The County disputes Horizon's claims.

Defendant states this is an administrative appeal from a final decision of the Park County Board of County Commissioners (BOCC), the governing body of Park County. In response to allegations the BOCC's decision lacked substantial evidence, the Court should rely on the complete administrative record offered and not accept new testimony and evidence from the Plaintiff beyond that testimony and evidence that was offered in the proceedings before the Park County Planning and Zoning Commission and the BOCC.

Horizon disputes Defendant's argument regarding the admissibility of evidence from outside the administrative record to support Horizon's claim under 47 U.S.C. § 332(c)(7)(B)(i)(II). The relevant issue under Horizon's claim under Section 332(c)(7)(B)(iii) is whether the Defendant's decision was supported by substantial evidence on the record before Defendant, and, as such, that claim is limited to the administrative record. However, the issue under Horizon's Section 332(c)(7)(B)(i)(II) claim is whether the effect of Defendant's denial is to effectively prohibit the provision of wireless service. "Courts uniformly hold that effective prohibition claims brought under Section 332(c)(7)(B)(i) 'present questions that a federal district court determines in the first instance without any deference to the [local zoning] board.'" *AT&T Mobility Servs. v. Village of Corrales*, 80 F. Supp.3d 1267, 1269 (D.N.M. 2014), *aff'd,* 642 F. App'x 886, 888-89 (10th Cir. 2016). As a result, courts, including in the Tenth Circuit, widely recognize that evidence may be introduced from outside the administrative record. *See, e.g., Id.* (denying the Village's motion to exclude evidence from outside the administrative record for purposes of the effective prohibition claim); *Green Mountain Realty Corp. v. Leonard,* 688 F.3d 40, 49 (1st Cir. 2012); *APT Pittsburgh Ltd. P'ship v. Penn Township Butler County,* 196 F.3d 469, 475 (3d Cir. 1999) (holding that whether a state's denial of an application to construct a personal wireless service facility has the

3

effect of prohibiting the provision of personal wireless services is a "decision to be made de novo by a reviewing court that will not necessarily be limited to the record compiled by the state or local authority"). This is particularly important in a situation, like this one, where the Defendant's DSR does not require submission of evidence demonstrating that denial would effectively prohibit the provision of wireless service. Thus, although Horizon did submit some evidence on the issue, Horizon was not required to submit a complete evidentiary record that would support its effective prohibition claim.

**4**    **Specify the allegations providing the basis for federal jurisdiction.**

Federal jurisdiction exists under 28 U.S.C. § 1331 based on Horizon's claims that the County's denial of its application to deploy a personal wireless services facility is not supported by substantial evidence in the written record in violation of 47 U.S.C. § 332(c)(7)(B)(iii) and has the effect of prohibiting the provision of personal wireless services in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II).

**5**    **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons for disagreement.**

The County does not dispute jurisdiction, but does not agree that substantial evidence does not exist in the written record or that the County has prohibited the provisions of personal wireless services.

**6**    **Discuss whether or not the case is complex. If the parties believe that the case is complex, explain why and be prepared to address this issue, including scheduling and case management considerations in particular, during the Initial Pretrial Conference.**

Not complex.

**7**    **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

No additional parties are anticipated at this time.

**8**    **List anticipated interventions.**

No intended interventions are known of by the parties at this time.

**9**    **Describe class-action issues, if any.**

No class action issues.

**10**   **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe specifically the arrangements that have been made to complete the disclosures.**

The parties have not made their Rule 26(a) initial disclosures. The parties proposed to make the disclosures by May 12, 2023.

**11** **Describe the proposed agreed discovery plan, including:**
   a.    **Responses to all the matters raised in Rule 26(f).**
       The parties propose a schedule for discovery below, but do not propose any changes to the form or requirements for disclosures under Rule 26(a).

   b.    **When and to whom the plaintiff anticipates it may send interrogatories.**
       Plaintiff anticipates it may send interrogatories to the Defendant shortly after the opening of discovery under the proposed schedule.

   c.    **When and to whom the defendant anticipates it may send interrogatories.**
       Defendant anticipates it may send interrogatories to the Plaintiff after the opening of discovery under the proposed schedule.

   d.    **Of whom and by when the plaintiff anticipates taking oral depositions.**
       Plaintiff has not yet identified individuals, if any, that it will seek to depose as fact witnesses. Plaintiff may seek to depose Defendant pursuant to Rule 30(b)(6), and anticipates Defendant's expert witness(es) if any. The parties' proposed deadline for completing depositions is set forth below.

   e.    **Of whom and by when the defendant anticipates taking oral depositions.**

       Defendant has not yet identified individuals, if any, that it will seek to depose as fact witnesses. Defendant may seek to depose Plaintiff pursuant to Rule 30(b)(6), and Plaintiff's expert witness(es) should the Court allow expert testimony on the issue of effective prohibition.

   f.    **(i) Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to the opposing party.**
June 16, 2023

       **(ii) Specify the date experts for defendant will be designated and their reports provided to the opposing party.**
August 18, 2023

   g.    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion dates. See Rule 26(a)(2)(B) (expert report).**
Plaintiff expects to depose any expert witness designated by Defendant, and expects to do so within a few weeks after receiving the expert's report. The parties' proposed deadline for completing depositions is set forth below.

   h.    **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion dates. See Rule 26(a)(2)(B) (expert report).**
Again, should the Court allow Plaintiff to provide expert testimony on the issue of effective prohibition, Defendant expects to depose any expert witness designated by

Plaintiff, and expects to do so according to the Discovery schedule. The parties' proposed deadline for completing depositions is set forth below

    **i.** **Indicate whether the parties have conferred with their clients regarding obligations concerning electronically stored information. Also identify limitations on discovery of electronically stored information, as contemplated by Federal Rule of Civil Procedure 26(b)(2)(B) and the Local Rules of this Court.**

The parties have conferred with their clients regarding obligations concerning electronically stored information. At this time, the parties have not identified discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost under Rule 26(b)(2)(B). If any particular discovery request raises such an issue, the parties will address it at that time.

    **j.** **Discuss the scope and limits of planned discovery. Identify how the parties will ensure that anticipated discovery will be proportional to the needs of the case, and address each of those considerations set forth in Rule 26(b) regarding the scope of discovery in general.**

The parties agree that Plaintiff's claim under 47 U.S.C. § 332(c)(7)(B)(iii) is limited to the record before the Defendant County, but, as discussed above, the parties disagree whether Plaintiff's claim under 47 U.S.C. § 332(c)(7)(B)(i)(II) may be the subject of discovery. If allowed by the Court, both parties may submit evidence outside the record concerning the Plaintiff's claim under 47 U.S.C. § 332(c)(7)(B)(i)(II). The parties agree any evidence outside the Administrative Record will be the subject of Discovery. The parties do not anticipate needing any limits on the scope of discovery beyond those provided for in the Federal Rules of Civil Procedure and this Court's Local Rules.

**12**     **If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

There is no disagreement on the discovery plan, other than as discussed above.

**13**     **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    No discovery has been undertaken to date.

**14**     **State the date the parties believe planned discovery can reasonably be completed.**

The parties propose the following deadlines for discovery:
- Non-expert Written discovery request deadline June 26, 2023
- Expert written discovery request deadline September 1, 2023
- Close of all discovery October 8, 2023

15 **Describe the possibilities for a prompt settlement or resolution of the case that were discussed during your Rule 26(f) meeting.**

The parties do not believe there is a basis for formal settlement discussions at this time, but will keep open informal lines of dialog.

16 **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties do not believe there is a basis for formal settlement discussions at this time, but will keep open informal lines of dialog.

17 **From the attorneys' discussions with the client(s), state the alternative dispute resolution techniques that may be reasonably suitable.**

The parties have discussed mediation but are not interested in pursuing alternative dispute resolution at this time.

18 **State whether a jury demand has been made and if it was made on time.**

Neither party has made a jury demand.

19 **Specify the number of hours it is expected that it will take to present the evidence in this case.**

The parties would expect a trial to last approximately three days.

20 **List pending motions that could be ruled on at the Initial Pretrial Conference.**

None.

21 **List other pending motions, if any.**

None.

22 **Indicate other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.**

No matters require the Court's special attention at this time.

23 **Indicate whether the parties anticipate any amendments to the pleadings.**

The parties do not anticipate amending the pleadings.

24 **List the names, bar numbers, addresses, email addresses, and telephone numbers for all counsel.  List the names, addresses, email addresses and telephone numbers for all parties and unrepresented pro se litigants.**

For Plaintiffs:

Isaac N. Sutphin, P.C. (Wyo. State Bar # 6-3711)
Andrea N. Grave (Wyo. State Bar # 8-6702)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone: (307) 778-4200
insutphin@hollandhart.com
angrave@hollandhart.com


T. Scott Thompson (admitted pro hac vice)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
555 12th Street NW, Suite 1100
Washington, DC 20004
Telephone: (202) 434-7440
SThompson@mintz.com

Jonathan P. Garvin (admitted pro hac vice)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
555 12th Street NW, Suite 1100
Washington, DC 20004
Telephone: (202) 434-7357
JPGarvin@mintz.com

For Defendants:

Bryan A. Skoric (Wyo. State Bar # 6-2834)
Park County and Prosecuting Attorney
1002 Sheridan Ave.
Cody, WY 82414
Telephone: (307) 527-8660
Bryan.skoric@parkcounty-wy.gov

Jack R. Hatfield II (Wyo. State Bar # 7-5118)
Deputy Park County and Prosecuting Attorney
1002 Sheridan Ave.
Cody, WY 82414
Telephone: (307) 527-8660
Jack.hatfield@parkcounty-wy.gov

| | |
|---|---|
| */s/ Isaac N. Sutphin* | April 21, 2023 |
| Isaac N. Sutphin (Wyo. State Bar #6-3711) | |

COUNSEL FOR PLAINTIFFS

| | |
|---|---|
| */s/ Bryan A. Skoric* | April 21, 2023 |
| Bryan A. Skoric (Wyo. State Bar #6-2834) | |
| Park County and Prosecuting Attorney | |

COUNSEL FOR DEFENDANTS