Patrick Slyne, WSB No. 5-2633
SLYNE LAW LLC
800 Westchester Avenue, Suite N641
Rye Brook, New York 10573
(914) 279-7000

Robert J. Berg (*Pro hac vice*)
LAW OFFICE OF ROBERT J. BERG PLLC
17 Black Birch Lane
Scarsdale, New York 10583
(914) 522-9455

*Attorneys for Intervening Defendants Brian Clarkson, Erik Kinkade, Lacinda and Kurt Countryman, Hannah Vorhees and Jim Wilder, Michael Gimmeson, Robert A. Nelson, Colleen Monahan, and Wapiti Valley Preservation Group, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| HORIZON TOWER LIMITED, LLC and HORIZON TOWER, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> PARK COUNTY, WYOMING, BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, WYOMING, DOSSIE OVERFIELD, LLOYD THIEL, LEE LIVINGSTON, SCOTT MANGOLD, and SCOTT STEWARD, in their official capacity as Members of the Board of County Commissioners for Park County, Wyoming, <br><br> Defendants. | Civil Action No. 23-CV-0037-ABJ |

**PROPOSED INTERVENORS' REPLY MEMORANDUM IN FURTHER SUPPORT OF
MOTION FOR INTERVENTION PURSUANT TO F.R.C.P. 24**

Proposed Intervenors and are blessed to live in Wapiti, Wyoming, which is widely recognized to be one of the most beautiful, pristine, unspoiled wilderness areas in the United States. Proposed Intervenors moved here to immerse themselves in nature's glory. Now, their magical Valley, and indeed, the sanctity they have sought, is threatened with irreparable harm. Why? Because a rapacious out-of-State speculative cell tower developer wants to come in -- without any regard for the unique natural surroundings or the Wapiti residents -- and construct and operate a grotesque industrial monstrosity -- a 195-foot-tall cell tower. The cell tower would forever despoil the open viewshed of the surrounding mountains and the river valley and change the character of this tiny community which has fiercely resisted reckless development. Proposed Intervenors seek to protect their properties and their way of life.

## ARGUMENT

Not surprisingly, only Plaintiff Horizon opposes the motion to intervene. The County defendants do not object. The Tenth Circuit "has historically taken a liberal approach to intervention and thus favors the granting of motions to intervene." *Kane Cnty., Utah v. United States*, 928 F.3d 877, 890 (10th Cir. 2019). Moreover, "the requirements for intervention may be relaxed in cases raising significant public interests." (Citations omitted). *Id.* The incomparable beauty of the Valley is forever imperiled by Horizon's grossly intrusive proposed cell tower, and this lawsuit implicates matters of utmost public interest. Proposed Intervenors are the ones most affected; they easily meet the conditions for intervention and their voices should be heard.

### A.     The Motion to Intervene is Timely.

Horizon filed its lawsuit on March 9, 2023. Not even four months later, Proposed Intervenors filed their motion. The litigation is still in its early stages. As individuals of modest means, they needed some time after learning of the complaint to organize, raise funds, and retain experienced telecommunications counsel. They moved to intervene promptly thereafter.

1

Proposed Intervenors have agreed to abide by the Court's scheduling order pursuant to which discovery is open until October 8, 2023, with dispositive motions to be filed by November 8, 2023. The trial date is set for April 15, 2024. Quite obviously, Horizon can point to no delay or prejudice to itself arising from the timing of Proposed Intervenors' motion as there is none, and the County does not object to the intervention. On the other hand, the Proposed Intervenors will be substantially prejudiced should they be denied intervention because they will not be able to litigate their substantial legal interests.[1] Their motion is timely.

> **B.    The Proposed Intervenors Have a Substantial Legal Interest in the Subject Matter of the Case that Might be Impaired by its Disposition.**

Horizon preposterously maintains that Proposed Intervenors' claimed interests in the subject matter of the case "are too generalized, speculative, and contingent" to warrant

---

[1] Horizon's citation to the First Circuit decision in *T-Mobile N.E. LLC v. Town of Barnstable*, 969 F.3d 33, 41-42 (1st Cir. 2020), is especially misplaced. There, the Court noted in *dicta* that when considering *permissive intervention* under F.R.C.P. 24(b)(3), rather than intervention as of right, "we think it evident that permitting intervention in TCA actions by parties who — like the appellants — do not appear poised to add anything of meaningful value to the litigation would unduly hinder the efficient resolution of TCA cases." In contrast, Proposed Intervenors and their experienced telecommunications counsel have much value to add to the litigation. Proposed Intervenors are the most knowledgeable persons about the Wapiti Valley in which they live and love. Further, their telecommunications attorney is needed to paint an accurate and balanced picture of the law and facts. For example, in the Complaint, Horizon misstates controlling law in the Tenth Circuit, *see* ¶¶58-61, pleading that an unduly expansive FCC 2018 Administrative Order interpreting the "effective prohibition" language of Section 332(c)(7)(B)(i)(II) of the Telecommunications Act of 1996 governs Horizon's claims under Count II, despite the Tenth Circuit's (and many other Circuits') continued use of the narrower "significant gap in coverage" and "least intrusive means of closing the gap" test. *See, e.g., Bd. of Cty. Comm'rs for Douglas Cty. v. Crown Castle USA, Inc.*, Case No. 18-cv-03171, 2020 U.S. Dist. LEXIS 4044, at *31 (D. Colo. Jan. 9, 2020) (recognizing controlling Tenth Circuit test of *AT&T Mobility Servs., LLC v. Vill. of Corrales*, 642 F. App'x 886, 889 (10th Cir. 2016)). Proposed Intervenors' counsel will also assist the Court by challenging Horizon's "experts" and "evidence" and will show that Horizon has failed to meet its burden of demonstrating a significant gap in coverage, that its proposed 195-foot-tall cell tower is clearly not the least intrusive means to solve any such coverage gap, and that Horizon utterly failed to make a good faith effort to secure less intrusive sites and solutions.

Horizon's citation to *Towers V LLC v. Twp. of Eagle Harbor*, Case No. 2:21-cv-214, 2022 U.S. Dist. LEXIS 239942, at *4 (W.D. Mich. Feb. 14, 2022), is likewise misleading. While the Court found that a motion to intervene filed two months after the complaint was filed was untimely, it did so only because the parties had nearly completed briefing on potentially dispositive summary judgment motions. In *Skyway Towers, LLC v. Lexington-Fayette Urb. Cty. Gov't*, No. CV 5:15-301-KKC, 2016 WL 817133 (E.D. Ky. Feb. 29, 2016), which Horizon also relies on, the Court found the proposed intervenor's motion to be untimely because the parties had actually completed briefing on their motions for summary judgment. Here, dispositive motions won't be filed until November 8, 2023.

intervention as of right. Horizon Br. at 7. Yet the Proposed Intervenors are residents of this very special community surrounded by unparalleled wilderness which Horizon's 195-foot-tall cell tower threatens to destroy. Several own the properties adjacent to the proposed tower site. The Park County Code confers upon the individual Proposed Intervenors enforceable legal rights with respect to the proposed tower. Notably, the County Code protects residents and property owners from a "major utility use" such as this proposed 195-foot-tall cell tower where the use is not "in harmony and compatible with surrounding land uses and with the neighborhood" and where the use will "create a substantial adverse impact on adjacent properties." *See* Park County Code, Chapter IV, Section 4(d)(1). Proposed Intervenors' legal interests include protecting the irreplaceable wilderness viewsheds visible from their properties from permanent degradation by an utterly incompatible, deviant, towering industrial structure as well as preserving the economic value of their properties. *See Indus. Comms. & Elec. v. Town of Alton,* 646 F.3d 76, 77, 80 (1st Cir. 2016) (Intervenor property owners had legal interest under state law in protection that zoning laws afford to their property where intervenors sought to block consummation of consent decree in TCA action between Town and cell tower company that would allow construction of 100-foot-tall cell tower that would destroy intervenors' stunning views of Lake Winnipesaukee and surrounding mountains and diminish property's value). In the instant action, if Horizon succeeds, the individual Proposed Intervenors' use, enjoyment, and economic value of their land will be impaired, as will the Wapiti Valley Preservation Group's public advocacy for the conservation and preservation of the Valley's iconic viewsheds and open spaces. The cases Horizon cites holding that adjacent and nearby property owners' aesthetic concerns and property devaluation concerns posed by a proposed cell tower fail to constitute a "substantial legal interest" for intervention as of right, Horizon Br. at 7-8, are inapposite because they are not

3

grounded upon a county code which protects landowners from a major utility use (*e.g.,* a monstrous cell tower) that will "create a substantial adverse impact on adjacent properties" and are not in harmony or compatible with surrounding uses and the neighborhood. *See* Park County Code, Chapter IV, Section 4(d)(1).  That substantial adverse impact can be both aesthetic and economic.  *See, e.g., Varsity Wireless, LLC v. Town of Boxford*, 2016 U.S. Dist. LEXIS 195693 (D. Mass. Sept. 9, 2016) (granting intervention to abutting and neighboring landowners who asserted proposed cell tower would be an extremely intrusive eyesore and lower their property values).

      **C.**      **The Proposed Intervenors' Interests Will Not be Adequately Represented by the County Defendants.**

Here, the litigation objectives of the County Attorney's clients may appear to be the same as those of the Proposed Intervenors -- *i.e.,* to defend the final decision denying Horizon's application for the SUP.  But the practical realities of litigation, especially in these cell tower cases, frequently cause a government agency's litigation objectives -- to protect the public interest -- to change over the course of the litigation (*e.g.,* settlement) -- and to conflict with the individual interests of the proposed intervenors which include, protecting the views from and the economic value of their own properties.  *Snow v. Silver Creek Midstream Holdings, LLC*, No. 19-CV-241-J, 2020 U.S. Dist. LEXIS 119371, at *10 (D. Wyo. Mar. 3, 2020) (The burden of proving inadequate representation is minimal, requiring only a showing that the current parties' representation *may* be inadequate).  And the sorry history of cell tower litigation shows that without the participation of intervenors, federal courts all too frequently order cell tower permits to be issued.  A particularly egregious example, which counsel for the Proposed Intervenors unfortunately personally experienced, occurred recently in *Tarpon Towers II v. City of Sylvania*, 625 F.Supp.3d 667 (N.D. Ohio 2022).  There, after numerous, lengthy public hearings

concerning a 140-foot-tall cell tower Tarpon Towers proposed to build dangerously close to a large public high school, the City Council unanimously voted to reject the permit applications on public safety and negative visual impact grounds.  However, the City Solicitor inexplicably never issued a written decision as required under 47 U.S.C. §332(c)(7)(B)(iii).  The applicants sued, and the City retained a law firm with no telecommunications expertise to defend.  The residents, who had tirelessly led the successful opposition to the tower, moved to intervene, arguing that the City's answer and affirmative defenses failed to address the core issue at hand, and the City could not adequately represent their interests.  The district court found otherwise. *Tarpon Towers II v. City of Sylvania*, 586 F. Supp.3d 755, 758 (N.D. Ohio 2022).  After the City submitted woefully inept papers in support of summary judgment, the proposed intervenors tried again.  The Court denied the second motion for intervention in a terse unpublished decision, and in a separate opinion, ordered the City to issue the permit.  *Tarpon Towers II,* 625 F.Supp.3d 667.  In most of the cell tower cases where courts have ruled against intervention by residents on the ground that the government is *presumed* to adequately represent their interests, the government goes on to lose.  *See, e.g., Extenet Sys., LLC v. Vill. of Kings Point*, No. 21-CV-5722, 2022 WL 1749200 (E.D.N.Y. May 31, 2022); *T-Mobile Northeast LLC v. Town of Barnstable*, 2020 U.S. Dist. LEXIS 106468 (D. Mass. Jun. 17, 2020).

      D.      **Proposed Intervenors are Entitled to Permissive Intervention.**

Using its discretion, this Court should grant the Proposed Intervenors permissive intervention under Rule 24(b).  They have timely moved, their claims and the main action have questions of law or fact in common, and intervention will not unduly prejudice or delay any party.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors request that their motion for intervention be granted.

Dated: July 19, 2023

        Respectfully submitted,

        /s/ Robert J. Berg
        Robert J. Berg (*Pro hac vice*)
        LAW OFFICE OF ROBERT J. BERG PLLC
        17 Black Birch Lane
        Scarsdale, New York 10583
        (914) 522-9455
        robertbergesq@aol.com

        /s/ Patrick Slyne
        Patrick Slyne, WSB No. 5-2633
        SLYNE LAW LLC
        800 Westchester Ave., N641
        Rye Brook, New York 10573
        (914) 279-7000
        patrick.slyne@slynelaw.com

        *Attorneys for Proposed Intervening Defendants Brian Clarkson, Erik Kinkade, Lacinda and Kurt Countryman, Hannah Vorhees and Jim Wilder, Michael Gimmeson, Robert A. Nelson, Colleen Monahan, and Wapiti Valley Preservation Group, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on July 19, 2023, I served the foregoing document via the Court's ECF upon all counsel of record:

/s/ Patrick Slyne  
Patrick Slyne  
SLYNE LAW LLC  
800 Westchester Ave., N641  
Rye Brook, New York 10573  
(914) 279-7000  
patrick.slyne@slynelaw.com  