

FILED
10:08 am, 8/3/23
U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

HORIZON TOWERS LIMITED, LLC
and HORIZON TOWER, LLC,

      Plaintiffs,

vs.

PARK COUNTY WYOMING, et al.,

      Defendants.

Case No.  2:23-CV-37-ABJ

## ORDER DENYING MOVANTS' MOTION TO INTERVENE [25]

Before the Court is Movants' Motion to Intervene. (ECF No. 25). Movants primarily seek intervention as of right, but also seek permissive intervention in the alternative. Plaintiffs Horizon Towers Limited, LLC and Horizon Tower, LLC oppose the motion while Defendants do not object. After reviewing the briefing and being fully advised, the Court finds Movants' Motion should be denied as they do not meet the requirements for intervention.

### BACKGROUND

At issue is a proposed cell tower Plaintiffs proposed to build in Wapiti Valley, Wyoming. (ECF No. 26, at 5). To do so, Plaintiffs were required to file for a Special Use Permit with Park County, Wyoming. *Id.* at 6. The owner of the proposed location agreed

with Plaintiffs on a lease to construct the tower. *Id.* Plaintiffs subsequently applied for the Special Use Permit with Park County. *Id.*

After filing for the permit, the Park County Planning and Zoning Committee held public hearings to review the application. *Id.* at 7. The Committee concluded the tower did not meet the applicable standards and recommended a denial of the application to the Park County Board of County Commissioners. *Id.* The Board then held two public hearings to consider the application and shortly after voted to deny the application. *Id.* Plaintiffs then brought the federal action with two claims. First, Plaintiffs assert that Park County's actions violated 47 U.S.C. § 332(c)(7)(B)(i)(II) which provides "[t]he regulation of the placement, construction, and modification of personal wireless facilities by any … local government thereof … shall not have the effect of prohibiting the provision of personal wireless services." (ECF No. 1, at 13). Second, Plaintiffs assert a violation of the same U.S.C. provision claiming the Board's decision was not backed by substantial evidence as required. (ECF No. 1, at 16).

## RELEVANT LAW

The Tenth Circuit "has historically taken a liberal approach to intervention and thus favors the granting of motions to intervene." *Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017). Rule 24(a) of the Federal Rules of Civil Procedure provides the pathway for intervention. There are four requirements for intervention as of right: "(1) the application is timely; (2) it claims an interest relating to the property or transaction which is the subject of the action; (3) the interest may as a practical matter be impaired or

impeded; and (4) the interest may not be adequately represented by existing parties." *Kane County, Utah v. United States*, 928 F.3d 877, 890 (10th Cir. 2019).

The timeliness of a motion to intervene as of right is determined in light of all circumstances. *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010). A court considers "(1) the length of time since the movant knew of its interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movant." *Id.* (internal citations and quotations omitted). Additionally, a court also considers the existence of any unusual circumstances. *Id.*

To determine if a movant has an interest in the underlying lawsuit, it is a fact specific inquiry. *Coal. Of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996). Protectable interests are those that would be impeded by the disposition of the action. *San Juan Cty. v. United States*, 503 F.3d 1163, 1203 (10th Cir. 2007). "[W]hile '[t]he contours of the interest requirement have not been clearly defined,' in this circuit the interest must be 'direct, substantial, and legally protectable.'" *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001) (quoting *Coal. Of Ariz./N.M. Ctys. for Stable Econ. Growth*, 503 F.3d at 840 (second alteration in original). "The movant's claimed interest is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court." *WildEarth Guardians v. National Park Service*, 604 F.3d 1192, 1198 (10th Cir. 2010).

Whether an interest may be impaired or impeded presents a "minimal burden." *Id.* at 1199. There just must be some impairment of the movant's substantial legal interest. *Id.*

Likewise, the fourth element of inadequate representation only requires only a showing the "possibility that representation may be inadequate." *Id.* at 1200. A minimal divergence of interests of a named party and movant is sufficient. *Id.*

For permissive intervention, Rule 24(b) of the Federal Rules of Civil Procedure provides the relevant pathway. "On timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "'Unlike Rule 24(a), which governs mandatory intervention, Rule 24(b) specifically vests discretion in district courts to consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647, 663 (D.N.M. 2017). "'In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Kane County, Utah v. U.S.*, 597 F.3d 1129, 1135 (10th Cir. 2010) (quoting Fed. R. Civ. P. 24(b)(3)).

As apparent in the language of Rule 24(b)(1)(B), the analysis of granting permission to intervene is two-fold. First, as noted above, the motion must be timely which "is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sanguine, Ltd v. United States Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984) (analyzing the timeliness of a motion to intervene in the context of intervention as of right). The timeliness analysis is contextual and is not solely a measure of absolute time between the filing of the suit and the motion to intervene or to

4

punish the intervenor, but a tool to protect the original parties. *Id.* A court should not prohibit intervention based on timeliness when there is little harm to the existing parties and greater justice will result. *Id.* Importantly, this analysis must focus on the prejudice caused by delay, not intervention itself. *Id.*

Second, the claim must present a claim or defense that shares a common question of law or fact with the existing action. Fed. R. Civ. P. 24(b)(1)(B). This is a requirement shared with many other rules and is not a difficult concept to apply. Wright & Miller, Federal Practice and Procedure § 1911 (3d ed. 2023). However, "a filing that 'substantially mirror[s] the positions advanced' by one of the parties [does not] necessarily identif[y] a common question of law or fact." *Kirsch v. Dean*, 733 Fed. Appx. 268, 279 (6th Cir. 2018) (quoting *Bay Mills Indian Cmty. v. Snyder*, 730 Fed. Appx. 754, 757–58 (6th Cir. 2018)) (first alteration in original). "[A] proposed intervenor may not inject itself into a lawsuit under Rule 24(b) where … it has no interest in a factual or legal dispute between the parties, but instead is merely concerned that the resolution of the parties' claims might have collateral consequences for the proposed intervenor's independent interests." *Id.*

### RULING OF THE COURT

Movants' Motion fails because they have not identified a direct, substantial, and legally protectable interest. *Utah Ass'n of Ctys.*, 255 F.3d at 1251. A fact specific inquiry reveals the Movants do not have a legal interest to protect. *Coal. Of Ariz./N.M. Ctys. for Stable Econ. Growth*, 100 F.3d at 841. The facts most important to this determination are 1) the actual claims being brought; 2) the fact the proposed site for the tower is on private land with an agreement in place; 3) there were public hearings wherein the public could

voice their concerns; and 4) the Board denied the application. Plaintiffs' actual claims bear the most weight on this decision.[1]

The dispositive issues before the Court are 1) whether the denial was prohibited by § 332(c)(7)(B)(i)(II) of the Telecommunications Act and 2) whether the denial was supported by substantial evidence. (ECF No. 1). Movants do not have a protectable interest in either of those issues.

For the first issue, the statute the action is brought under states "regulation of the placement, construction, and modification of personal wireless service facilities by any **State or local government or instrumentality thereof**—shall not prohibit or have the effect **of prohibiting the provision of wireless services**." 47 U.S.C. § 332(c)(7)(B)(i)(II) (emphasis added). From the plain language of the statute, Movants could have no substantial interest to defend. What is at issue here is what the Park County Board of County Commissioners decided. It is not an opportunity for local residents to proffer new evidence or arguments of how they may or may not be harmed by the construction of a cell tower. The time for that was at the public hearings and Park County is the only proper party to argue whether the Telecommunications act prohibited the denial. Put simply, the Court will not expand this case into an opportunity for the residents of Wapiti Valley to re-voice

---

[1] As further explained below, these are county level decisions. Public citizens are certainly welcome and encouraged to join in the public comment process to voice their concerns. However, what may and may not be done on a private person's property is a zoning or permit consideration to be made by county officials.

and re-hash their concerns of erecting a cell tower.[2] Federal law and its interpretation control the issues now.

Likewise, the second issue poses the same problems for the Movants. It is for Park County to argue whether their decision was supported by substantial evidence—as the Board wrote and executed the decision. There is little sense in allowing local residents to argue the correctness of a decision from their county board. While the Court appreciates that the Movants are concerned about their local scenery and asserted effect on the market values of their properties, the effects of an approval are not at issue in this forum. It is for a county's elected and appointed officials to balance and weigh those considerations, which has already occurred.

Further, it is important to note that Plaintiffs have entered into a lease with a third party to build the cell tower on private land, rather than public. If the Court were to allow intervention by any neighbor or member of the community whenever a zoning decision was in dispute, it would open the floodgates for unneeded secondary argument. A more concrete interest is needed to become a party to a suit such as this.[3] A federal courthouse is not a public forum for anyone to come and have their say. An intervenor must have a true legal interest in the suit rather than a generalized complaint on the potential effect of a forthcoming decision on the merits.

---

[2] Another consideration is that the Park County Board of County Commissioners made a decision in line with Movants' wishes—the application was denied. Thus, the actual decision would not be contested by Movants, and they would only serve as an auxiliary defense to which Park County can adequately defend. This differs from a situation where Movants would argue the proper process was not followed and would want to overturn the Board's decision.

[3] For example, the owner of the land being leased to construct a cell tower may have the required interest. *U.S. Cellular Corp. v. Board of Adjustment of City of Seminole, Okla.*, 180 Fed. Appx. 791, 795 (10th Cir. 2006).

Lastly, the Motion does not meet the timeliness requirements of Rule 24(a) and Movants interests, if any, are adequately represented by the Defendants. As correctly stated by Defendants, 47 U.S.C. § 332(c)(7)(B)(v) requires a court to "hear and decide [this] action on an expedited basis." Such language creates a special circumstance for the Court to consider. Adding another litigant to this action would result in more briefing and potential delays on the part of Movants. This would prejudice Plaintiffs right to an expeditious process. Even assuming the other two factors weighed in favor of timeliness, this is enough to find the timeliness requirement is not met. Additionally, even assuming Movants had an interest to protect, Park County adequately represents those interests. The Board denied Plaintiffs' initial application unanimously and are the proper party to represent the community's concerns. Accordingly, Movants' request to intervene as of right is denied. Movants' motion to permissively intervene is also denied for the same reasons state above. Their request would the intervention will "unduly delay or prejudice the adjudication of the original parties' rights.'" *Kane County, Utah*, 597 F.3d at 1135 (quoting Fed. R. Civ. P. 24(b)(3)).

## Conclusion

Movants' Motion to Intervene fails to satisfy the standards of Rule 24 for both intervention as of right and permissive intervention. Movants have not shown a protectable interest in the underlying lawsuit, the timeliness requirements are not met, and any interest would be adequately represented by the Defendants. This action is not the proper forum for Movants to rehash their concerns with the effect of a cell tower when that is not at issue with Plaintiffs' claims. Additionally, in the discretion afforded under Rule 24, the Court

denies Movant's request for permissive intervention for the same reasons it denied the request for intervention as of right.

NOW, THEREFORE, IT IS ORDERED Movants' Motion to Intervene is DENIED.

Dated this 3rd day of August, 2023.

_____
Kelly H. Rankin
United States Magistrate Judge