Patrick Slyne, WSB No.5-2633
SLYNE LAW LLC
800 Westchester Avenue, Suite N641
Rye Brook, New York 10573
(914) 279-7000

Robert J. Berg (Admitted *pro hac vice*)
LAW OFFICE OF ROBERT J. BERG PLLC
19 Carriage House Lane
Mamaroneck, New York 10543
(914) 522-9455

*Attorneys for Intervening Defendants Brian Clarkson, Erik Kinkade, Lacinda and Kurt Countryman, Hannah Vorhees and Jim Wilder, Michael Gimmeson, Robert A. Nelson, Colleen Monahan, and Wapiti Valley Preservation Group, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

| | |
|---|---|
| HORIZON TOWER LIMITED, LLC and HORIZON TOWER, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> PARK COUNTY, WYOMING, BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, WYOMING, DOSSIE OVERFIELD, LLOYD THIEL, LEE LIVINGSTON, SCOTT MANGOLD, and SCOTT STEWARD, in their official capacity as Members of the Board of County Commissioners for Park County, Wyoming, <br><br> Defendants. | Civil Action No. 23-CV-0037-ABJ |

**PROPOSED INTERVENORS' REPLY IN FURTHER SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE DECISION DENYING MOTION FOR INTERVENTION PURSUANT TO F.R.C.P. 24**

Proposed Intervenors hereby submit their Reply in further support of their Objections to the August 3, 2023 Order of Magistrate Judge Rankin ("Order;" ECF No. 34).

**The Motion Proper Standard for Review of the Magistrate Judge's Order is *De Novo.***

Proposed intervenors noted in their Objections that federal courts in the District of Wyoming do not appear to have taken a position on whether an appeal of a Magistrate Judge's decision denying a motion for intervention under F.R.C.P. 24(a) ought to be reviewed *de novo* as a *de facto* dispositive motion or under the clear error standard applied for non-dispositive motions. Plaintiffs, in their Response to Proposed Intervenors' Objections ("Pl. Res.") at 3, mistakenly argue that Proposed Intervenors' argument "misses the key part " of the Tenth Circuit's analysis in *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1462 (10th Cir. 1988), that motions not enumerated by Section 636 can be treated as dispositive only "when they have an identical effect" as one of the enumerated motions and that denial of a motion for intervention cannot have the identical effect as the granting of a motion to dismiss a party from the case. As Hamlet said: "Ay, there's the rub." The Court, in *United States v. RaPower-3, LLC*, 341 F.R.D. 311, 313 n.1 (D. Utah 2022) wisely explained:

> This denial of Prospective Intervenors' motion does not have any dispositive effect on the existing parties or claims. However, because such an order is dispositive of Prospective Intervenors' right to join the action, if any litigant objects, the district judge may decide to construe this order under the standards of a Report and Recommendation, which provides for de novo review. See Auto-Owners Ins. Co. v. Clayton, No. 2:21-cv-92, 2021 U.S. Dist. LEXIS 199201, at *10 n.2 (D. Utah Oct. 13, 2021) (unpublished) (citing 28 U.S.C. §636(b)(1)(B).

Magistrate Judge Rankin's Order denying Proposed Intervenors' motion for intervention prevents them from joining or participating in this action the outcome of which will have a direct and enormous impact on the economic value and their enjoyment of their adjacent properties where they reside and on the unspoiled wilderness beauty of the remarkable pristine valley they

1

are striving to preserve for themselves, their families, their neighbors, and everyone who is blessed to travel through.  Denial of the motion for intervention is dispositive for Proposed Intervenors.  Indeed, given the severity of the result of the denial, "[a]n order denying intervention is final and subject to immediate review if it prevents the applicant from becoming a party to an action."  *Coal. of Az./N.M. Counties for Stable Econ. Growth v. Dept. of the Interior*, 100 F.3d 837, 839 (10th Cir. 1996).  Thus, the Court's rationale in *United States v. RaPower-3, LLC*, 341 F.R.D. 311, 313 n.1 (D. Utah 2022), best reflects the practical reality that *a denial of Proposed Intervenors' motion for intervention "is dispositive of Prospective Intervenors' right to join the action."*  Said motion, when denied by a magistrate judge, should properly be treated as a dispositive motion, and the appropriate standard of review of Proposed Intervenors' objections by the district judge should be *de novo*.

**The Magistrate Judge Erred in Ruling That Proposed Intervenors Do Not Have a Legal Interest to Protect**

The Magistrate Judge held that movants have no protectable legal interest in either of these issues.  *Id.* at 6.  Proposed Intervenors rely on the closely parallel case, *Eco-Site LLC v. Cty. of Pueblo*, 352 F. Supp. 3d 1079 (D. Colo. 2018), where District Judge Arguello upheld the Magistrate Judge's determination that Brown, the proposed intervenor, has a direct, substantial, and legally protectable interest in the action *because the construction of the tower will adversely impact the aesthetics and value of his property.*  In *Eco*-Site, T-Mobile, the tower developer, objected, arguing that neither aesthetics nor property value are legally protectable interests when evaluated in the context of Section 332.  The court disagreed, adopting the Ninth Circuit's reasoning in *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011), and held:

> Applying this logic to the matter presently before the Court, Mr. Brown's asserted interest need only be protected by **some** law, instead of protected by Section 332.  The Court therefore considers whether Mr. Brown's stated interests are protectable under "some

2

>law."  In Colorado, 'a complaining property owner ... has a legally protected interest in insulating its property" that is subject to land use decisions that would diminish the value of their property from 'adverse effects.' .... Mr. Brown's asserted interests are, therefore, legally protectable under some law.  As for the second prong of the interest inquiry, Mr. Brown's interests in his land adjacent to the property in dispute demonstrate a relationship between his legally protected interests and the claims at issue.  Accordingly, the Court finds Magistrate Judge Varholak's determination that Mr. Brown's stated interests are sufficient to satisfy the interest inquiry is not erroneous.

352 F. Supp. 3d at 1084-1085.

Respectfully, Judge Arguello's analysis in *Eco-Site* is very compelling, and applies equally well to Proposed Intervenors here, who are residents of the very special Wapiti community surrounded by unparalleled wilderness which Horizon's 195-foot-tall cell tower threatens to destroy.  The Park County Code confers upon the individual Proposed Intervenors enforceable legal rights under Wyoming law with respect to the proposed tower.  Notably, the County Code protects residents and property owners from a "major utility use" such as this proposed 195-foot-tall cell tower where the use is not "in harmony and compatible with surrounding land uses and with the neighborhood" and where the use will "create a substantial adverse impact on adjacent properties." *See* Park County Code, Chapter IV, Section 4(d)(1).

Plaintiff protests, citing cases outside this District which have held that such movants have no legally cognizable interests.  Pl. Res. at 5.  Respectfully, those decisions are not well-reasoned -- they don't reflect reality nor are they congruent with how the Tenth Circuit treats motions for intervention. The Tenth Circuit, in particular, "has historically taken a liberal approach to intervention and thus favors the granting of motions to intervene."  *Kane Cnty., Utah v. United States*, 928 F.3d 877, 890 (10th Cir. 2019) (citations and internal quotations omitted).

Plaintiff criticizes Proposed Intervenors for "failing to respond to the June 16, 2023 Second Circuit decision in *Extenet Systems, LLC v. Village of Kings Point*, 22-1265, 2023 WL 4044076 (2d Cir. 2023).  However, that unpublished decision is a non-precedential summary

order. It is of little persuasive value to begin with, binding only the parties.  Moreover, the panel simply decided, using the clearly erroneous standard of review, that the district court had not abused her discretion in finding that the movants had failed to demonstrate that the village attorney couldn't adequately represent their interests and that intervention wouldn't unduly delay the proceedings.  This is not the authoritative landmark ruling by the Second Circuit which Plaintiffs falsely suggest.

Plaintiffs also cite the August 30, 2023 decision in *New Cingular Wireless PCS, LLC v. Planning Bd. of the Town of E. Hampton*, 2023 WL 5604248 at *6 (E.D.N.Y. Aug. 30, 2023). Pl. Resp. at 6.  Interestingly, there, the court recognizes that in the Second Circuit considerable authority exists that motions to intervene under F.R.C.P. 24(a) are deemed to be dispositive, so the court decided the appeal of the magistrate's order granting intervention using the *de novo* review standard.  *Id.* at n.5.  In overturning the magistrate's finding that the proposed intervenors had cognizable interests in protecting their adjacent properties' values from devaluation if a cell tower were installed at the chapel, the court found that intervenors' "cherrypicked" studies were speculative and did not pertain to the specific geographic market at issue.  2023 WL 5604248 at *7.  Finding that proposed intervenors had failed one prerequisite for mandatory intervention under F.R.C.P. 24(a), the court dispensed with any analysis of the other three factors.  The court's legal analysis is thus underwhelming compared to cases like *Eco-Site* or others relied upon by Proposed Intervenors in their Objections.

Plaintiffs also deride Proposed Intervenors for purportedly lacking any expertise with respect to the Court's inquiry on their "effective prohibition of personal wireless services" claim. Pl. Resp. at 7-8.  Plaintiffs should withdraw this specific argument, filed on August 31, 2023, consistent with their Rule 11 obligations.  On August 18, 2023, the County Defendants identified

4

Brian Clarkson, one of the Proposed Intervenors, as one of the County Defendants' expert witnesses for the trial of this action, and produced Mr. Clarkson's written expert report and exhibits on that date. (ECF No. 36). Mr. Clarkson, who lives full-time in Wapiti, is a geospatial expert, who may testify at trial about his viewshed or line of sight analysis which addresses the large number of alternative sites available in the Wapiti Valley for locating a less obtrusive cell tower. Other Proposed Intervenors have much to contribute factually as long-term residents of Wapiti about alternative less intrusive sites for locating wireless communications facilities and about the impact of the proposed facility on neighboring properties and uses.

### Proposed Intervenors' Motion is Timely and their Interests are not Adequately Represented by the Defendants

Proposed Intervenors filed their motion within four months of the lawsuit's filing, before any discovery, and while the litigation was in its early stages. Moreover, Proposed Intervenors have agreed to abide by the Court's scheduling order. The trial date is set for April 15, 2024. Proposed Intervenors are ready and able to proceed as soon as the Court allows. Their intervention will cause no delay in the proceedings. As to the adequacy of the County's representation of Proposed Intervenors' interests, we reiterate -- the practical realities of litigation, especially in cell tower cases, frequently cause a government agency's litigation objectives -- which is to protect the public interest -- to change over the course of the litigation (*e.g.,* settlement) -- and to conflict with the individual interests of the proposed intervenors which includes, protecting the views from and the economic value of their own properties.

### CONCLUSION

For the foregoing reasons, Proposed Intervenors request that their Objections to the Magistrate Judge's Order denying their motion for intervention be accepted as well taken, and that his Order be reversed on either *de novo* review or based on clear error.

Dated: September 6, 2023

                              Respectfully submitted,

                              <u>/s/ Robert J. Berg</u>
                              Robert J. Berg (*Pro hac vice*)
                              LAW OFFICE OF ROBERT J. BERG PLLC
                              17 Black Birch Lane
                              Scarsdale, New York 10583
                              (914) 522-9455
                              robertbergesq@aol.com

                              <u>/s/ Patrick Slyne</u>
                              Patrick Slyne, WSB No. 5-2633
                              SLYNE LAW LLC
                              800 Westchester Ave., N641
                              Rye Brook, New York 10573
                              (914) 279-7000
                              patrick.slyne@slynelaw.com

*Attorneys for Proposed Intervening Defendants Brian Clarkson, Erik Kinkade, Lacinda and Kurt Countryman, Hannah Vorhees and Jim Wilder, Michael Gimmeson, Robert A. Nelson, Colleen Monahan, and Wapiti Valley Preservation Group, Inc.*

## CERTIFICATE OF SERVICE

      I certify that on September 6, 2023, I served the foregoing document via the Court's ECF upon all counsel of record:

      SLYNE LAW LLC

      By: <u>/s/ Patrick Slyne</u>
      Patrick Slyne, WSB No. 5-2633
      800 Westchester Avenue, Suite N641
      Rye Brook, New York 10573
      (914) 279-7000