

FILED

3:46 pm, 2/1/24

**Margaret Botkins
Clerk of Court**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

HORIZON TOWERS LIMITED, LLC,
and HORIZON TOWER LLC,

Plaintiffs,

v.

PARK COUNTY WYOMING, et al.

Defendants.

Case No. 23-CV-37-ABJ

## ORDER AFFIRMING MAIGSTRATE JUDGE DECISION DENYING PROPOSED INTERVENORS' MOTION FOR INTERVENTION

THIS MATTER comes before the Court on *Proposed Intervenors' Objections to Magistrate Judge Decision Denying Motion for Intervention Pursuant to F.R.C.P. 24*, filed on August 17, 2023. ECF No. 35. On June 30, 2023, Proposed Intervenors filed a *Motion for Intervention Pursuant to F.R.C.P. 24* ("*Motion for Intervention*"). ECF Nos. 25, 26. Plaintiffs, Horizon Tower Limited, LLC and Horizon Tower, LLC ("Horizon" or "Plaintiffs"), subsequently filed their opposition to Proposed Intervenors' *Motion for Intervention* on July 14, 2023. ECF No. 29. On August 3, 2023, United States Chief Magistrate Judge Kelly H. Rankin issued an Order denying Proposed Intervenors' *Motion for Intervention*. ECF No. 34. Proposed Intervenors now request this Court to find the Order (ECF No. 34) erroneous and to grant Proposed Intervenors' *Motion for Invention* (ECF No. 25). ECF No. 35.

Plaintiffs responded to Proposed Intervenors' objections on August 31, 2023, to which Proposed Intervenors replied on September 6, 2023. ECF Nos. 37, 38. Following the Proposed Intervenors' *Reply* brief, Plaintiffs filed *Plaintiffs' Request for Leave to File Surreply Responding to Rule 11 Allegations by Proposed Intervenors* on September 8, 2023. ECF No. 39. Magistrate Judge Rankin granted this request on September 11, 2023. ECF No. 40. Plaintiffs then filed *Plaintiffs' Response to Rule 11 Allegations by Proposed Intervenors* on September 11, 2023. ECF No. 41.

Having reviewed the filings, the applicable law, and being otherwise fully advised, the Court **OVERRULES** Proposed Intervenors' Objection and **AFFIRMS** Magistrate Judge Rankin's *Order Denying Movants' Motion to Intervene* (ECF No. 34). Plaintiff's *Motion for Intervention* (ECF No. 25) is **DENIED**. To the extent Proposed Intervenors may have implied or alleged Plaintiffs' attorneys violated Federal Rule of Civil Procedure Rule 11 in their filings, this Court will not issue any sanctions at this time. ECF No. 38; ECF No. 41.

## BACKGROUND

On March 9, 2023, Plaintiffs filed this action under the Communications Act of 1934, as amended by the Federal Telecommunications Act of 1996[1] ("Communications

---

[1] The Federal Telecommunications Act provides that "the regulation of the placement, construction, and modification ofj personal wireless service facilities by any State or local authority shall not unreasonably discriminate among providers of functionally equivalent services; and . . .shall not prohibit or have the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i)–(ii). "A State or local government or instrumentality thereof shall act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed . . . taking into account the nature and scope of such request. Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record . . . . State or local government or instrumentality thereof may [not] regulate the placement, construction, and modification of

Act") against Defendants Park County, Wyoming; Board of County Commissioners of Park County, Wyoming; and Dossie Overfield, Lloyd Thiel, Lee Livingston, Scott Mangold, and Scott Steward, in their official capacity as Members of the Board of Commissioners of Park County, Wyoming ("Defendants") for the alleged unlawful denial of Plaintiffs' application for a Special Use Permit to construct a wireless telecommunications facility in Cody, Wyoming. ECF No. 1. Horizon Tower, LLC is an operations partner of Horizon Tower Limited, LLC and this entity constructs, owns, and manages wireless infrastructure and tower assets that are utilized by national and regional wireless carriers, such as Verizon, to facilitate and provide personal wireless services to end-user consumers, consistent with the Communications Act. *Id.* at 4–5.

Noting a gap in Verizon wireless coverage within the area, Horizon conducted an analysis of the necessity and viability of a wireless facility in Park County, Wyoming and executed a lease agreement on August 15, 2022, with Tamara Young, the owner of a 29.94-acre parcel located at 2944 N. Fork Hwy, Cody, WY 82424 for construction of a wireless facility. *Id.* at 5–8. The property is located within Park County's General Rural 5-Acre zoning district and thus requires a Special Use Permit for "major utility use," which includes the proposed 195-foot communications tower. *Id.* at 6–7.

On October 17, 2022, Horizon applied for a Park County Special Use Permit to construct and install the proposed communications tower pursuant to Chapter IV, Section 4(d)(2) of the County Code. *Id.* at 5–8. On November 16, 2022, the Park County Planning

---

personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the Commission's regulations concerning such emissions." 47 U.S.C. § 332(c)(7)(B)(iii)–(iv).

and Zoning Commission held a public hearing to review Horizon's application. *Id.* at 9. Upon consideration of Horizon's application, the Planning and Zoning Commission concluded Horizon's request for a Special Use Permit should be denied because its application "did not adequately demonstrate that the use would be 'in harmony and compatible with surrounding land uses and with the neighborhood'" and similarly did not adequately demonstrate that the project "'[would not] create a substantial adverse impact on adjacent properties." *Id.* at 9. The Board of County Commissioners held a public hearing on January 24, 2023 to consider Horizon's application. *Id.* During the public hearing, local residents were given the opportunity to present and express their support for or opposition to the project at the proposed location, as several did through email and in-person comments. *Id.* at 11. The hearing was later continued to February 7, 2023, and at the close of the hearing on February 7, 2023, the Board voted unanimously to deny Horizon's application. *Id.* at 12. The Board concluded "the proposed communication tower and corresponding facility would not be in harmony with the neighborhood; and there is a high likelihood that the proposed communication tower and corresponding facility would have a significant adverse impact on the neighborhood." *Id.* at 12–13. This action followed. *Id.* at 13.

On June 30, 2023, Proposed Intervenors, Brian Clarkson, Erik Kinkade, Lacinda and Kurt Countryman, Hannah Vorhees and Jim Wilder, Michael Gimmeson, Robert A. Nelson, Coleen Monahan, and Wapiti Valley Preservation Group, Inc. (collectively "Proposed Intervenors" or "Movants") requested leave from the Court to intervene as of right in this matter, pursuant to Federal Rule of Civil Procedure 24(a)(2), or alternatively

requested leave to intervene permissively, pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). ECF No. 25 at 2; ECF No. 26 at 1. Proposed Intervenors are a collective of individual property owners residing in Wapiti, Wyoming and a singular non-profit advocacy group. ECF No. 26 at 1. Plaintiffs in this matter opposed the *Motion for Intervention* and Defendants did not object. ECF No. 25. Chief Magistrate Judge Rankin denied Proposed Intervenors' *Motion for Intervention*, and Proposed Intervenors filed their objections to this denial on August 17, 2023. ECF Nos. 34, 35. Proposed Intervenors now seek review of the magistrate judge's order.

## DISCUSSION

Proposed Intervenors object to Chief Magistrate Judge Rankin's decision to deny their *Motion for Intervention* and have requested this Court find the *Order* to be erroneous and to grant Proposed Intervenors' *Motion for Intervention*. ECF No. 35. For the following reasons, this Court will review Proposed Intervenors' *Motion for Intervention* under a clearly erroneous or contrary to law standard and agrees with Plaintiffs in finding no clear error in Magistrate Judge Rankin's *Order*.

### I. The Appropriate Standard of Review for this Motion is the Clearly Erroneous or Contrary to Law Standard

There is a dispute to the standard of review that this Court should employ in reviewing Magistrate Judge Rankin's denial of Proposed Intervenors' *Motion for Intervention*. The issue is whether a denial of Proposed Intervenors' motion is a dispositive or non-dispositive matter. Proposed Intervenors contend that a *de novo* standard of review applies, arguing their motion to intervene under Federal Rule of Civil Procedure 24(a)(2)

and (b)(1)(B) is a dispositive motion for the proposed parties to the litigation. Therefore, as an initial determination, the court must decide whether Proposed Intervenors' *Motion for Intervention* is non-dispositive such that the court's review of the magistrate judge's order is governed by 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, or dispositive such that review is governed by 28 U.S.C. § 636(b)(1)(B) and Rule 72(b).

"The jurisdiction and powers of magistrates are governed by 28 U.S.C. § 636, and limited by the Constitution, U.S. Const. art. III, § 1." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461 (10th Cir. 1988). Magistrate judges, such as Magistrate Judge Rankin, may be designated by the court to "hear and determine" pending pretrial matters, with certain stated exceptions for motions which are dispositive either of a case or of a claim or defense within a case. 28 U.S.C. § 636(b)(1)(A). Such enumerated dispositive motions include:

> motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

*Id.* Notably, a motion to intervene is absent from this list of dispositive motions, and the Federal Magistrates Act does not expressly preclude magistrate judges from issuing an order on a motion to intervene. *See* 28 U.S.C. §§ 631 *et seq.* Further, Federal Rule of Civil Procedure 72 and Local Rule 72.1 confer upon magistrate judges the responsibility to make determinations or recommendations for pending pre-trial matters. Fed. R. Civ. P. 72; D. Wyo. Local Rule 72.1. Federal Rule of Civil Procedure 72 "reflects the division in section

636(b) between matters as to which magistrates may issue orders and matters as to which magistrates may make only proposed findings of fact and recommendations." *Ocelot Oil Corp.*, 847 F.2d at 1462. Local Rule 72.1 states "[a] magistrate judge may hear and determine non-dispositive matters, prescribed by 28 U.S.C. § 636(b)(1)(B)." D. Wyo. Local Rule 72.1(b). However, the Court is not under the presumption that 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, or Local Rule 72.1 provide an exhaustive list of dispositive motions.

Circuits are relatively divided on the issue of whether motions to intervene are dispositive of an intervenor's claim or defense. *See N.Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 25 (2d Cir. 1993) (holding a motion to intervene is dispositive); *Day v. Persels & Associates, LLC*, 729 F.3d 1309, 1322 (11th Cir. 2013) (holding a motion to intervene is dispositive); *People Who Care v. Rockford Bd. of Educ.*, 171 F.3d 1083, 1089 (7th Cir. 1999) (holding a motion to intervene is not dispositive); *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 474 (7th Cir. 2017) ("A magistrate judge can therefore rule on a motion to intervene filed by an unnamed class member, both because that person is not yet a party, and such a motion in any event is nondispositive."). The Tenth Circuit has not addressed whether motions to intervene are appropriate for resolution by a magistrate judge, but the weight of persuasive Tenth Circuit authority suggests that a motion to intervene is non-dispositive in cases similar to the pending matter, and therefore appropriate for a magistrate judge to enter a standard order under 28 U.S.C. § 636(b)(1)(A). *See e.g. Day v. Sebelius*, 227 F.R.D. 668, 671 (D. Kan. 2005) ("As a matter of law, an order granting leave to intervene is non-dispositive."); *Angilau v. United States*, 2017 U.S. Dist.

LEXIS 220427, *1 (D. Utah July 26, 2017) (treating a motion to intervene as non-dispositive); *Turner v. Efinancial, LLC*, No. 18-cv-292-CMA-GPG, 2018 U.S. Dist. LEXIS 150980, 2018 WL 4219388, at *2 (D. Colo. Sept. 5, 2018) (determining motion to intervene as non-dispositive because it does not alter any party's claim or defense) (citing *Rhodes v. Ohse*, 1998 U.S. Dist. LEXIS 18376, 1998 WL 809510, *1 (N.D.N.Y. 1998) (noting that 28 U.S.C. § 636(b)(1)(A) does not list motions to intervene as dispositive; therefore, a motion to intervene is non-dispositive)).

Some legal precedent seems to suggest that perhaps a motion to intervene is non-dispositive when a party is allowed to enter litigation, but dispositive when a party is denied such opportunity. *See United States v. RaPower-3, LLC*, 341 F.R.D. 311, 313 n.1 (D. Utah 2022). This Court shall adopt the functional analysis prescribed by the Tenth Circuit in assessing a motion's potential effect on litigation to determine its category as dispositive or non-dispositive. *Ocelot Oil Corp.*, 847 F.2d at 1462. Under this analysis, some motions are deemed be dispositive[2] by nature while others may only be categorized as dispositive depending on the context in which they are brought. *Id.* Therefore, even "motions not designated on their face as one of those excepted in subsection (A) are nevertheless to be treated as such a motion when they have an identical effect." *Id.*; *see also Pub. Serv. Co. of Colo. v. Bd. of Cnty. Comm'r of San Miguel Cnty.*, No. 04-CV-01828 REB CBS, 2005 U.S. Dist. LEXIS 23919, 2005 WL 2293650, at *2-3 (D. Colo. Sept. 19, 2005) (suggesting

---

[2] A "dispositive motion" is defined as "motion for a trial-court order to decide a claim or case in favor of the movant without further proceedings" or specifically "a motion that, if granted, results in a judgment on the case as a whole, as with a motion for summary judgment or a motion to dismiss." *Dispositive Motion*, Black's Law Dictionary (11th ed. 2019).

a case-by-case determination as to whether motion to intervene is dispositive). In *Ocelot Oil*, the court considered the *res judicata* effect of a magistrate judge's order to strike a plaintiff's claims with prejudice and award attorney fees as discovery sanctions under Rule 37. *Ocelot Oil Corp.*, 847 F.2d at 1462–1463. The Tenth Circuit concluded that a dismissal with prejudice is akin to an involuntary dismissal and beyond the jurisdiction of a magistrate judge under 28 U.S.C. § 636(b)(1). *Id.*

In this matter, Proposed Intervenors' *Motion for Intervention* would not have the same effect as a resolution of the enumerated dispositive motions in 28 U.S.C. § 626(b)(1)(A). The entry of Proposed Intervenors to this litigation would not, rather could not, resolve a legal issue, claim or controversy on its own—a generalized quality of the enumerated dispositive motions in 28 U.S.C. § 626(b)(1)(A). While such a motion is dispositive of Proposed Intervenors opportunity to enter this litigation, it does not foreclose[3] their ability to bring an action against the parties to this litigation. Denying Proposed Intervenors' *Motion for Intervention* has no similar *res judicata* effect on Proposed Intervenors' future claims against either the Plaintiffs or the Defendants. This holding is consistent with the Federal Magistrates Act, the Federal Rules of Civil Procedure, and the District Court of Wyoming's Local Rules. Therefore, the Court finds that Proposed Intervenors' *Motion for Intervention* is non-dispositive, and the Court will

---

[3] As asserted by Plaintiffs in this matter, the court in *Ocelot Oil* "considered the res judicata effect of the magistrate's order, and concluded that the involuntary dismissal of plaintiff's pleading with prejudice effectively dismissed plaintiff's action." ECF No. 37 at 3–4 (citing *Spagnuolo v. City of Longmont*, 2005 U.S. Dist. LEXIS 60502, *4 (D. Colo. Aug. 23, 2005)). However, the denial of a motion to intervene "has no similar *res judicata* effect on [potential intervenor's] future claims against either the Plaintiff or Defendants." *Id.* at 4.

apply a clearly erroneous or contrary to law standard in evaluating Chief Magistrate Judge Rankin's order.

## II. Proposed Intervenor's Motion for Intervention Was Properly Denied

Proposed Intervenors sought to intervene in this matter as of right, pursuant to Federal Rule of Civil Procedure 24(a)(2), or alternatively sought to intervene permissively, pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). ECF No. 25. Both requests were denied by the magistrate judge. ECF No. 34. Proposed Intervenors now seek a review of the magistrate judge's ruling. ECF No. 35. This Court affirms the decision and reasoning of the magistrate judge.

Upon timely objection, a district court may set aside a magistrate's order on a non-dispositive pretrial matter upon timely objection if "any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) ("The district court must defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law."). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). "Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard." *Jensen v. Solvay Chem., Inc.*, 520 F. Supp. 2d 1349, 1351 (D. Wyo. 2007) (citing *Wyoming v. United States*

*Dep't of Agric.*, 239 F.Supp.2d 1219, 1236 (D. Wyo. 2002)). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." 12 Wright, Miller & Marcus, *Federal Practice and Procedure* § 3069 (2d ed. 1997). "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of [his] authority." *Rader v. United States*, No. 08-cv-00568-WDM-MEH, 2008 WL 4949168, at *3 (D. Colo. Nov. 17, 2008). It is with this standard in mind that the Court considers Proposed Intervenors' objections.

Proposed Intervenors argue the magistrate judge erred when applying the proper Tenth Circuit legal standards for intervention under Federal Rule of Civil Procedure 24, and thus, Proposed Intervenors raise several objections to the magistrate judge's order for the Court to consider. ECF No. 35. First, Proposed Intervenors object to the magistrate judge's conclusion that Proposed Intervenors failed to identify a direct, substantial, and legally protectable interest in the identified dispositive issues before the Court. *Id.* at 3. Second, Proposed Intervenors object to the legal significance of the magistrate judge's finding that Plaintiffs have entered into a third-party lease agreement to build the proposed cell tower on private land rather than public land. *Id.* at 8–9. Third, Proposed Intervenors object to the magistrate judge's conclusion that their motion to intervene was not timely. *Id.* at 9–10. Finally, Proposed Intervenors object to the magistrate judge's finding that their interests are adequately represented by the County. *Id.* Reviewing Magistrate Judge Rankin's decision to deny intervention, the Court finds that Proposed Intervenors' motion was correctly denied.

### A. The Court does not have a Firm Conviction that a Mistake has been Committed in Magistrate Judge's Ruling

Under Federal Rule of Civil Procedure 24(a)(2), a court must permit intervention as of right to anyone who files a timely motion claiming "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protects its interest, unless existing parties adequately represent that interest." The Tenth Circuit Court of Appeals has held that

> an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties.

*Elliot Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005) (citation omitted). Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right. *Id.* at 1102–03. However, the Tenth Circuit "has historically taken a 'liberal' approach to intervention." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017). Despite this liberal approach, Tenth Circuit has affirmed that the applicant's interest must still be "direct, substantial, and legally protectable." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001) (quoting *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 839 (10th Cir. 1996)).

Alternatively, under Federal Rule of Civil Procedure 24(b), a court may permit intervention under the following conditions: "(i) the application to intervene is timely; (ii)

the applicant's claim or defense and the main action have a question of law or fact in common; and (iii) intervention will not unduly delay or prejudice the adjudication of the original parties' rights." *Forest Guardians v. U.S. Dep't of Interior*, No. CIV–02–1003, 2004 WL 3426413, at *10–11 (D.N.M. Jan. 12, 2004). Rule 24(c) also states that a motion to intervene must be accompanied by a "pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

### 1. Proposed Intervenors Do Not Have a Legally Cognizable Interest in this Case

The magistrate judge correctly determined that Proposed Intervenors have failed to identify a "direct, substantial, and legally protectable interest." ECF No. 34. The magistrate judge elaborated upon two dispositive issues before the Court: (1) whether the Park County Board of County Commissioners denial of Plaintiff's special use permit to construct a wireless communications tower was prohibited by 47 U.S.C. § 332(c)(7)(B)(i)(II) of the Telecommunications Act and (2) whether the Board's denial was supported by substantial evidence. ECF No. 34 at 6. Within these issues, the magistrate judge determined that Proposed Intervenors did not have a legal interest to protect in regard to either issue. *Id.* at 5. Proposed Intervenors now object to these findings, however the clearly erroneous standard is a high bar, and in this case, the Court is not left with a definite and firm conviction that a mistake has been committed.

Horizon's Special Use Permit to construct its proposed cell tower was denied by the Park County Board of Country Commissioners. ECF No. 26 at 7. This action followed pursuant to 47 U.S.C. § 332(c)(7)(B)(i)(II), which states "regulation of the placement,

construction, and modification of personal wireless facilities by any State or local government or instrumentality thereof—shall not prohibit or have the effect of prohibiting the provision of wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(II). The addition of § 332(c)(7), provided "specific limitations on the traditional authority of state and local governments to regulate the location, construction, and modification" of wireless communications facilities. *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 115, 125 S. Ct. 1453, 1455, 161 L. Ed. 2d 316 (2005). Specifically, the Telecommunications Act of 1996 amended the Communications Act of 1934 to "encourage the rapid deployment of new telecommunications technologies" and "[o]ne of the means by which it sought to accomplish these goals was reduction of the impediments imposed by local governments upon the installation of facilities for wireless communications, such as antenna towers." *Id.* Therefore, not only is Park County the appropriate party to this litigation, but the Court is also unconvinced that Proposed Intervenors have a right of action or standing in this matter at all. The objection to the magistrate judge's finding that the construction of the cell phone tower on private land is also overruled for the same reason––"[a]n intervenor must have a true legal interest in the suit rather than a generalized complaint on the potential effect of a forthcoming decision on the merits." ECF No. 34 at 7; *See San Juan Cty. v. United States*, 503 F.3d 1163, 1203 (10th Cir. 2007) (finding that protectable interests are those that would be impeded by the disposition of the action).

Proposed Intervenors rest their objection regarding protectable legal interests largely upon the discussion in a single District of Colorado case. *See Eco-Site LLC v. Cty. of Pueblo*, 352 F. Supp. 3d 1079 (D. Colo. 2018). However, just as the court stated in *Eco-*

*Site*, "[w]ithout any argument as to how [the magistrate judge's] Order was erroneous in light of controlling case law, the Court does not have a 'firm conviction that a mistake has been committed." *Id.* at 1086 (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)); *See* ECF No. 37 at 5–8 (collecting persuasive cases concluding a contrary holding to *Eco-Site*). The same is true here. *Eco-Site* is not controlling case law upon this tribunal, nor was this case introduced as a consideration prior to the magistrate judge's ruling. On the evidence presented, the Court does not see an error or mistake in the magistrate judge's ruling.

### 2. Proposed Intervenors' Motion was not Timely

The magistrate judge found that Proposed Intervenors' motion did not meet the timeliness requirements of Federal Rule of Civil Procedure 24(a). ECF No. 34 at 8. The private remedy specified in 47 U.S.C. § 332(c)(7)(B)(v) requires all enforcement actions to be brought in a court of competent jurisdiction "within 30 days after such action or failure to act." Once a plaintiff brings such an action, the statute requires the court both to "hear and decide" the case "on an expedited basis." *Id.* This streamlined and expedited scheme for resolving telecommunication zoning disputes adds an additional wrinkle in Proposed Intervenor's efforts to join this litigation, one which this Court cannot overlook.

The timeliness of a motion to intervene is assessed "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (internal citation omitted). The present action was filed on March 9, 2023, however

Proposed Intervenors did not attempt to join this litigation until June 30, 2023. ECF No. 1; ECF No. 25. Plaintiff maintains that allowing intervention under the circumstances would prejudice its right to an expeditious process, which the magistrate judge determined was a special circumstance to consider in this action. ECF No. 34 at 8. Further, Plaintiff notes that the parties have already made significant progress in the litigation and resolution of this matter. It is the Court's view that the magistrate judge carefully considered and properly determined that Proposed Intervenors' motion was not timely given the expedited litigation and the factual circumstances before the Court.

### 3. Proposed Intervenors are Adequately Represented by the County

The magistrate judge correctly concluded that Proposed Intervenors are adequately represented by Park County in this matter. The Park County Board unanimously chose to deny Plaintiff's application after hearing—and presumably acting upon—public comment and concern from the community. Not only is the County the proper party to this litigation, but the County has articulated its basis for denial was a finding that "the proposed communication tower and corresponding facility would not be in harmony with the neighborhood; and there is a high likelihood that the proposed communication tower and corresponding facility would have a significant adverse impact on the neighborhood." ECF No. 1 at 12–13. This is a similar and possibly identical concern to that of the Proposed Intervenors. The County did not file a response to Proposed Intervenors' Motion or their reconsideration efforts. However, Plaintiff argues that "pure speculation" of divergent interest or possibility of an "unpalatable" decision in this matter does not rebut the presumption of the County's adequate representation. ECF No. 37 at 11. The Court finds

Proposed Intervenors have failed to show the magistrate judge's conclusion regarding their interests was clearly erroneous or contrary to law.

Further, Proposed Intervenors stated their intention to "raise arguments that are not articulated in the County's written decision" denying Plaintiff's Special Use Permit application. ECF No. 26 at 6. Under the statute, "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record." 47 U.S.C. § 332(c)(7)(B)(iii). When an action challenges whether the state or local government's decision was supported by such "substantial evidence," the Court reviews the written denial and supporting evidence contained in the written record. *See W. PCS II Corp. v. Extraterritorial Zoning Auth. of City & Cnty. of Santa Fe*, 957 F. Supp. 1230, 1236 (D.N.M. 1997). Proposed Intervenors' assertions that their argument, absent from the written record, warrants inclusion in this matter to adequately reflect their interest in this action's resolution is against the clear weight of statutory law.

### C. The Magistrate Judge's Denial of Permissive Intervention Was Correct

The magistrate judge concluded that Proposed Intervenor's motion failed to satisfy the standard of Federal Rule of Civil Procedure 24 under both intervention as of right and permissive intervention. ECF No. 34 at 8. Based upon Proposed Intervenors' inability to show a protectable interest in the underlying lawsuit, the presence of timely intervention, and inadequate representation by the County in this litigation, the magistrate judge

correctly denied permissive intervention under the same conclusions discussed in the forgoing analysis.

## CONCLUSION

The Court finds no part of the magistrate judge's order that must be modified or set aside as clearly erroneous or contrary to law. To the extent Proposed Intervenors may have implied or alleged Plaintiffs' attorneys violated Federal Rule of Civil Procedure Rule 11 in their filings, this Court will not issue any sanctions at this time. ECF No. 38; ECF No. 41.

Based on the foregoing analysis, Chief Magistrate Judge Rankin correctly denied Proposed Intervenor's *Motion for Intervention* (ECF No. 25).

Therefore, **IT IS HEREBY ORDERED** *Proposed Intervenors' Objections to Magistrate Judge Decision Denying Motion for Intervention Pursuant to F.R.C.P. 24* are **OVERRULED** and the Court **AFFIRMS** Magistrate Judge Rankin's *Order Denying Movants' Motion to Intervene* (ECF No. 34).

It is **FURTHER ORDERED** Proposed Intervenor's *Motion for Intervention* (ECF No. 25) is **DENIED**.

Dated this 1st day of February, 2024.

Alan B. Johnson
United States District Judge