Isaac N. Sutphin, P.C. (Wyo. State Bar # 6-3711)
Andrea N. Grave (Wyo. State Bar # 8-6702)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone: (307) 778-4200
insutphin@hollandhart.com
angrave@hollandhart.com

Scott Thompson (Admitted *pro hac vice*)
Jonathan P. Garvin (Admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
555 12th Street NW, Suite 1100
Washington, DC 20004
Telephone: (202) 434-7440
SThompson@mintz.com
JPGarvin@mintz.com

ATTORNEYS FOR PLAINTIFFS
HORIZON TOWER LIMITED, LLC
and HORIZON TOWER, LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| HORIZON TOWER LIMITED, LLC and HORIZON TOWER, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> PARK COUNTY, WYOMING; BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, WYOMING; DOSSIE OVERFIELD, LLOYD THIEL, LEE LIVINGSTON, SCOTT MANGOLD, and SCOTT STEWARD, in their official capacity as Members of the Board of County Commissioners for Park County, Wyoming, <br><br> Defendants. | Case No. 23-CV-0037-ABJ |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO FILE RENEWED
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7.1, Plaintiffs Horizon Tower Limited, LLC and Horizon Tower, LLC ("Horizon") submit this Opposition to Motion to File Renewed Motion for Summary Judgment submitted by Defendants Park County, Wyoming; Board Of County Commissioners

1

Of Park County, Wyoming; Dossie Overfield, Lloyd Thiel, Lee Livingston, Scott Mangold, and Scott Steward, in their official capacity as Members of the Board of County Commissioners for Park County, Wyoming, (collectively the "County") (Dkt. No. 78 ("Motion")).  The Court should deny Defendants' Motion because additional briefing related to the Supreme Court's *Loper Bright*[1] decision is unnecessary and would unduly delay these proceedings.

The County's Motion seeks leave to address an issue that neither the County nor Horizon raised in any pleading in this case.  Horizon's Motion for Summary Judgment (Dkt. No. 45 ("Horizon's Summary Judgment Motion")) does not argue that this Court should apply *Chevron* deference to the Federal Communications Commission's ("FCC") *2018 Declaratory Order*[2] or even mention *Chevron*.  (*See* Dkt. No. 45, 55.)  Nor does Horizon's Response to the County's Cross-Motion for Summary Judgment. (Dkt. No. 52.)  Likewise, the County did not raise or argue the application of *Chevron* either in opposition to Horizon's Summary Judgment Motion or in support of the County's Cross-Motion For Summary Judgment.  (*See* Dkt. Nos. 50, 51, 54, 57.)

Rather, as Horizon explained, the FCC's *2018 Declaratory Order* was affirmed on appeal by the Ninth Circuit in *City of Portland v. United States.* 969 F.3d 1020 (9th Cir. 2020), *cert. denied,* 141 S. Ct. 2855 (2021).  Accordingly, the issue is not whether the FCC's statutory interpretation is entitled to *Chevron* deference from this Court.  Rather, the Hobbs Act, 28 U.S.C. § 2342(1), vests in the federal Circuit Courts of Appeal exclusive authority to determine the validity of an FCC decision.  28 U.S.C. § 2342(1).  Accordingly, this Court does not have the

---

[1] *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024) (overruling *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1894).).

[2] *Accelerating Wireless Broadband Deployment by Removing Barriers to Infrastructure Investment,* 33 FCC Rcd 9088 (2018) ("*FCC 2018 Declaratory Order*").

jurisdictional authority to reconsider the FCC's ruling after it was affirmed by the Ninth Circuit, and the Court must follow the FCC's *2018 Declaratory Order*.  (*See* Dkt. No. 45 at 15 (Horizon's Brief citing 28 U.S.C. § 2342(1); *Chavez v. Advantage Grp.,* 959 F. Supp.2d 1279, 1281 (D. Colo. 2013); *Mais v. Gulf Coast Collection Bureau, Inc.,* 768 F.3d 1110, 1120-21 (11th Cir. 2014); *Nack v. Walburg,* 715 F.3d 680, 686 (8th Cir. 2013); *Leyse v. Clear Channel Broad.,* 545 F. App'x 444, 459 (6th Cir 2013); *C.E. Design, Ltd. v. Prism Bus. Media, Inc.,* 606 F.3d 443, 445-50 (7th Cir. 2010)).  The Court's lack of authority to overturn the *FCC 2018 Declaratory Order* under the Hobbs Act is not affected by the U.S. Supreme Court's overturning of the *Chevron* doctrine in *Loper Bright*.  Additional briefing would be unnecessary, as it would not assist the Court in applying the materially inhibited standard to the facts of this case as required.

Moreover, to the extent that the County's argument will be an attack on the Ninth Circuit's affirmance of the *FCC 2018 Declaratory Order*, the Supreme Court anticipated these circumstances and included language stating clearly that prior decisions are not called into question simply because they relied on *Chevron*.  *See Loper Bright*, 144 S. Ct., at 2273.  As the Supreme Court explained, "we do not call into question prior cases that relied on the *Chevron* framework. The holdings of those cases that specific agency actions are lawful— including the Clean Air Act holding of Chevron itself—are still subject to statutory stare decisis despite our change in interpretive methodology." *Id.* (internal citations removed).  Accordingly, *City of Portland* remains binding law and the *FCC 2018 Declaratory Order* remains in effect and controlling.  The language of *Loper Bright* forecloses the need for any additional briefing as there is no issue related to the holding of *Loper Bright* or the validity of the *FCC 2018 Order* that the Court must decide.

3

Horizon's and the County's cross-motions for summary judgment were filed November 15, 2023 and have been pending nearly eight months. Given that the Court has stated that it has already started working on the parties' motions for summary judgment in this case, (*see* Dkt. No. 73), pausing that work to consider additional briefing on an issue that was not raised in the parties' briefs would only serve to delay these proceedings, which under 47 U.S.C. § 332(c)(7)(B)(v) the Court must hear and decide in an expeditious manner. Accordingly, Horizon respectfully requests that the Court deny the County's current Motion.

DATED: August 6, 2024.

        */s/ Isaac N. Sutphin*
        Isaac N. Sutphin, P.C. (Wyo. State Bar # 6-3711)
        Andrea N. Grave (Wyo. State Bar # 8-6702)
        HOLLAND & HART LLP
        2020 Carey Avenue, Suite 800
        P.O. Box 1347
        Cheyenne, WY 82003
        Telephone: (307) 778-4200
        insutphin@hollandhart.com
        angrave@hollandhart.com

        Scott Thompson (Admitted *pro hac vice*)
        Jonathan P. Garvin (Admitted *pro hac vice*)
        Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
        555 12th Street NW, Suite 100
        Washington, DC 20004
        Telephone: (202) 434-7440
        SThompson@mintz.com
        JPGarvin@mintz.com

        ATTORNEYS FOR PLAINTIFFS
        HORIZON TOWER LIMITED, LLC
        and HORIZON TOWER, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August 2024, a copy of the foregoing was electronically filed and served via the CM/ECF system upon counsel of record:

>BRYAN A. SKORIC, Park County Attorney
>JACK R. HATFIELD II, Deputy Park County Attorney
>1002 Sheridan Avenue
>Cody, Wyoming, 82414

>*/s/ Isaac N. Sutphin*
>Isaac N. Sutphin, P.C.

32565164_v1