Bryan A. Skoric (Wyo. State Bar #6-2834)
Dustin N. Slade (Wyo. State Bar #8-7156)
Office of the Park County and Prosecuting Attorney
1002 Sheridan Avenue
Cody, Wyoming, 82414
bryan.skoric@parkcounty-wy.gov
dustin.slade@parkcounty-wy.gov

ATTORNEYS FOR DEFENDANTS
PARK COUNTY, WYOMING; BOARD OF
COUNTY COMMISSIONERS OF PARK COUNTY,
WYOMING; DOSSIE OVERFIELD, LLOYD THIEL,
LEE LIVINGSTON, SCOTT MANGOLD,
and SCOTT STEWARD, in their official capacity
as Members of the Board of County
Commissioners for Park County, Wyoming.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| HORIZON TOWER LIMITED, LLC and HORIZON TOWER, LLC, <br><br> Plaintiffs <br><br> v. <br><br> PARK COUNTY, WYOMING; BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, WYOMING; DOSSIE OVERFIELD, LLOYD THIEL, LEE LIVINGSTON, SCOTT MANGOLD, and SCOTT STEWARD, in their official capacity as Members of the Board of County Commissioners for Park County, Wyoming. <br><br> Defendants. | Civil Action No. 23-CV-00037-ABJ |

**DEFENDANTS' EMERGENCY MOTION**
**FOR TEMPORARY STAY PENDING APPEAL AND BRIEF IN SUPPORT**

COME NOW, the Defendants Park County, Wyoming; Board of County Commissioners of Park County, Wyoming; Dossie Overfield, Lloyd Thiel, Lee Livingston, Scott Steward and Scott Mangold (collectively, "Defendants"), by and through their undersigned counsel, file this Emergency Motion for Temporary Stay Pending Appeal from this Court's judgment entered October 4, 2024, pending a resolution of the merits of said appeal.

## I.  SUMMARY OF PROCEDURAL BACKGROUND

On March 9, 2023, Plaintiffs Horizon Tower Limited, LLC, and Horizon Tower, LLC (collectively, "Plaintiffs"), filed suit against Defendants under the Telecommunications Act of 1996.

The parties filed cross-motions for summary judgment (one by the collective Defendants and one by the collective Plaintiffs).

On October 4, 2024, the Court entered an order denying Defendants' Motion for Summary Judgment and granting Plaintiffs' Motion for Summary Judgment. The Court entered judgment on the same date.

## II.  RELIEF SOUGHT

Defendants request that this Court enter a temporary stay pending the resolution of Defendants' appeal to the Tenth Circuit Court of Appeals. In the alternative, Defendants request that the Court immediately enter a temporary stay pending this Court's consideration of this Emergency Motion to Stay.

## III.  JUSTIFICATION FOR RELIEF SOUGHT

"To request 'a stay of the judgment or order of a district court pending appeal' '[a] party must ordinarily move first in the district court' for relief.'" *Lax v. App of N.M. ED, PLLC*, Civ. 20-264 SCY/JFR, at *2 (D.N.M. Apr. 14, 2022) (quoting *F.T.C. v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003). "The purpose of a stay is to preserve the status quo pending appeal." *Guzzo v. Mead*, No. 14-CV-200-SWS, at *12 (D. Wyo. Oct. 17, 2014) (citing *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996)). To obtain a stay under Federal Rules of Appellate Procedure 8:

> the [movant] must address the following factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest.

*Id.* (quoting *F.T.C. v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003).

As to the first factor, Defendants argue, without waiving any additional arguments on the merits to be set forth in their appellate briefs—and with all due respect to the honor, integrity, and authority of this Court—that the pending appeal is likely to succeed. The Supreme Court expressly leaving open the question of whether the Hobbs Act applies to an interpretive rule, *PDR Network, LLC v. Carlton Harris Chiropractic, Inc.*, 139 S. Ct. 2051, 2055 (2019), combined with *Loper*'s subsequent explicit teaching that "courts need not . . . [indeed,] *may not* defer to an agency interpretation of the law" *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2273 (2024) (emphasis added), work

together to clarify that the requirements of the Hobbs Act do not apply to the FCC's 2018 small cell order, which is an interpretive rule.

Interpreting the Hobbs Act as applying to the FCC's 2018 small cell order, when authoritative caselaw allows for and even suggests a differing construction, would be an abdication of the Tenth Circuit's constitutional duty "to say what the law is." *Id.* at 2257 (quoting *Marbury v. Madison*, 1 Cranch 137, 177, 2 L.Ed. 60 (1803)).

And while it is true that in *Loper* the Supreme Court expressly declined to overturn prior cases relying on *Chevron* deference, this Court has confirmed that the Tenth Circuit has not "recognized that the appellate court which hears the challenges to a specific FCC rule under the Hobbs Act 'is now the sole forum for addressing the challenges to the validity of [that rule]," leaving the Tenth Circuit ample jurisprudential discretion (particularly in light of *Loper* and *PDR Network*) to by-pass the FCC's 2018 order in "say[ing] what the law is." See *Horizon Tower Limited, LLC, v. Park County*, No. 2:23-CV-37 (D. Wyo. October 4, 2024), DKT 89 at 17; *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2257 (2024) (emphasis added)

Furthermore, it is unlikely that the Tenth Circuit will find that Plaintiffs satisfied either "the least intrusive means test" or the "materially inhibits test" when their stated objective was to extend coverage "as far as east and west coverage is possible" along Highway 14/16/20. (Dep. of S. Kennedy 56:11-18, Exhibit A). The Court's ruling that a local government must propose an

alternative location and or facility even where, as here, there is an **unbounded** coverage objective, seems particularly vulnerable to appellate review. *Horizon Tower Limited, LLC, v. Park County*, No. 2:23-CV-37 (D. Wyo. October 4, 2024), DKT 89 at 22 (relying on *T-Mobile USA, Inc.* v. *City of Anacortes*, 572 F.3d 987, 998 (9th Cir. 2009); *T-Mobile W. Corp. v. City of Huntington Beach*, No. CV 10-2835 CAS EX 2012 WL 4867775, at *18 (C.D. Cal. Oct. 10, 2012); *Am. Towers, Inc. v. Wilson Cnty.*, 2014 U.S. Dist. Lexis 131 at *34 (M.D. Tenn. Jan. 2, 2014)).

The Court's holding that there is a lack of substantial evidence is equally vulnerable to appeal in light of the fact that over 300 landowners "representing over 65% of the land ownership in the area . . . signed a petition opposing the tower." Such a finding should be considered conclusive support of Defendants' ruling that the proposed tower "would not be in harmony with the neighborhood." *Horizon Tower Limited, LLC, v. Park County*, No. 2:23-CV-37 (D. Wyo. October 4, 2024), DKT 89 at 26; *see also See T-Mobile v. Unified Govt*, 546 F.3d 1299, 1307 (10th Cir. 2008) ("[t]he possibility of drawing two competing conclusions from the evidence does not prevent [a finding of] substantial evidence").

As to the second factor, there is a threat of irreparable harm if the stay is not granted. "[T]o constitute irreparable harm, an injury must be imminent, certain, actual and not speculative." *Colorado v. U.S. Envtl. Prot. Agency*, 989 F.3d 874, 886 (10th Cir. 2021) (citing *New Mexico Dep't of Game & Fish v. United States Dep't of the Interior*, 854 F.3d 1236, 1251 (10th Cir. 2017)). "A

plaintiff shows it will suffer irreparable harm if it demonstrates there is "a significant risk that [it] will experience harm that cannot be compensated after the fact by monetary damages."" *State v. Sourceamerica*, 874 F.3d 1226, 1250 (10th Cir. 2017) (citing *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009)).

In this case, there is significant risk that Plaintiffs will proceed with the construction of the cell tower, as evidenced by their prosecution of this action and opposition to this motion.

Defendants cannot be compensated by monetary damages by the construction of a 195-monopole tower that mars the most traveled route in their County, one of the most beautiful scenescapes in North America. *Cf. Valley Community Preservation v. Mineta*, 373 F.3d 1078, 1086 (10th Cir. 2004) ("[e]nvironmental harm is, by its nature, generally irreparable.")

Furthermore, Defendants cannot be monetarily compensated in being deprived of their power and duty to enforce county zoning regulations and procedures. *Cf. N.M. Dep't of Game v. U.S. Dep't of the Interior*, 854 F.3d 1236, 1254 (10th Cir. 2017) ("[a]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury") (quoting *Maryland v. King*, 567 U.S. 1301, 133 S.Ct. 1, 3, 183 L.Ed.2d 667 (2012)).

As to the third factor, Plaintiffs will suffer no harm by a temporary delay in the construction of the tower. In fact, the stay will be a benefit to Plaintiffs in

event of successful appeal, as Plaintiffs would then be required to remove the tower at considerable expense. Awaiting the clarity of ultimate resolution will protect all parties from unnecessary harm that can be avoided by simply awaiting appellate disposition.

Furthermore, residents of and travelers passing through the Wapiti Valley, who are the ultimate end customers of Plaintiffs and the telecommunications companies they are attempting to service, have lived their lives and made their excursions into Yellowstone National Park for decades with the alleged gap in telecommunications services. They understand the ramifications of living in and traveling through unpopulated areas. Nobody will suffer harm, and considerable harm can be prevented, if the status quo remains in place. *Cf. Willey v. Sweetwater Cnty. Sch. Dist. No 1 Bd. of Trs.*, No. 23-CV-069-SWS, at *10 (D. Wyo. June 30, 2023) (disfavored injunctions change the status quo) (citing *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.* 916 F.3d 792, 797 (10th Cir. 2019)).

This fact also lies in support of the fourth factor. Furthermore, any "risk of harm to the public interest" lies not in the status quo, but in ignoring the sixty-five-plus percent of impacted residents who do not want a 195-foot telecommunications tower built in their wilderness neighborhood. *See Horizon Tower Limited, LLC, v. Park County*, No. 2:23-CV-37 (D. Wyo. October 4, 2024), DKT 89 at 26. The added possibility of the Tenth Circuit reversing this Court—even were this Court convinced that such a contingency is remote—adds the

possible complexity of the parties having to deal with a nearly finished or newly constructed tower whose permit has been revoked.

## IV.  CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Court enter by October 10, 2024, a temporary stay pending the resolution of the appeal and grant Defendants such other and further relief, general or special, at law or in equity to which Defendants are justly entitled.  In the alternative, Defendants request that this Court immediately enter a temporary stay pending the Court's consideration of the Defendants' Emergency Motion to Stay.

**Dated this ___ day of October 2024.**

/s/_____
Bryan A. Skoric (WSB #6-2834)
Park County and Prosecuting Attorney


/s/_____
Dustin N. Slade (WSB # 8-7156)
Deputy Park County Attorney
Park County Attorney's Office
1002 Sheridan Ave.
Cody, Wyoming 82414
(307) 527-8660
bryan.skoric@parkcounty-wy.gov
dustin.slade@parkcounty-wy.gov

ATTORNEYS FOR DEFENDANTS
PARK COUNTY, WYOMING; BOARD OF
COUNTY COMMISSIONERS OF PARK
COUNTY, WYOMING; DOSSIE
OVERFIELD, LLOYD THIEL, LEE
LIVINGSTON, SCOTT MANGOLD, and

SCOTT STEWARD, in their official capacity as Members of the Board of County Commissioners for Park County, Wyoming.

CERTIFICATE OF SERVICE

     I hereby certify that on the ___ day of October, a copy of the foregoing motion and brief in support was electronically filed and service via the CM/ECF system and was served via electronic mail (e-mail) upon the following counsel for the Plaintiff:

Isaac N. Sutphin
Holland & Hart LLP
P.O. Box 1347
Cheyenne, WY  82003-1347
insutphin@hollandhart.com

T. Scott Thompson
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
555 12th St. NW Ste. 1100
Washington, CD  20004
sthompson@mintz.com

                                            /s/_____
                                            Bryan A. Skoric

CERTIFICATE OF CONFERENCE

     Via electronic correspondence spanning October 7 to October 8, I conferred with Scott Thompson (Isaac Sutphin copied), attorneys for opposing party, on the merits of Defendants' Motion for Temporary Stay Pending Appeal. Agreement could not be reached; therefore, it is presented to the Court for a determination.

                                            /s/_____
                                            Dustin N. Slade